|114　29|
|139　142|

# Frick's Appeal.

1. The Register of Wills of the proper county, in case of the refusal or incompetency of all the kindred of a decedent, and no creditors apply, may grant letters of administration to any fit person at his discretion.

2. A non-resident has no right to letters of administration, and he is incompetent to object to the granting of letters to another or to petition to have them revoked if granted.

February 2d, 1886.　　Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Fayette county :* Of July Term 1885, No. 158.

Appeal of H. C. Frick, administrator of the estate of William Baldwin, deceased, from the decree of said court in the case of the petition of George E. Baldwin for revocation of letters of administration granted to him upon the estate of William Baldwin, deceased.

The facts of the case appear from the following opinion of the Register of Wills of Fayette county, Chas. D. Conner, Esq.:

William Baldwin died at Connellsville, in Fayette county, Pennsylvania, on the 7th day of January, 1884, intestate and unmarried and without issue. Connellsville was at the time of his death, and had been for many years prior thereto, his domicile and principal place of residence.

Shortly after the death of the said William Baldwin, to wit, on the 15th day of January, 1884, one Franklin Baldwin, acting for himself and George E. Baldwin, and the other next of kin of the said William Baldwin, presented a petition to the Probate Court of Worcester county, Massachusetts, setting forth that William Baldwin at the time of his death was a resident of Worcester, Worcester county, Massachusetts, and upon said representation procured letters of administration to be issued to him upon the estate of the said William Baldwin, deceased.

Subsequently, on the 8th day of February, 1884, the said Franklin Baldwin for himself and as agent of George E. Baldwin, the petitioner in this proceeding, and as agent of the other next of kin of the said William Baldwin, deceased, presented a petition to Phillip Hoerr, Esq., Register of Wills in and for the county of Allegheny and state of Pennsylvania, wherein they recited the death of William Baldwin; that at the time of his death he was a resident of Worcester, Massachusetts; that letters of administration had been granted to Franklin Baldwin by the Probate Court of Worcester county,

Massachusetts; that a portion of his estate was in Pennsylvania, and in and by said petition said George E. Baldwin, the petitioner in this proceeding, renounced his right, if any he had, to administer upon said estate, and joined with the other next of kin in requesting the said Phillip Hoerr, Esq., Register, to appoint one William Bissell, of Allegheny county, Pennsylvania, ancillary administrator of said estate.

Upon this petition the said Philip Hoerr, Esq., Register as aforesaid, granted ancillary letters of administration to said Bissell on the 8th day of February, 1884.

This being the condition of affairs with respect to the estate, and it being apparent to the Register that unless some action was promptly taken to arrest the attempt to withdraw the estate from his jurisdiction, that the Commonwealth would lose its collateral inheritance tax upon said estate, he issued letters of administration upon said estate, on the 13th day of February, 1884, to H. C. Frick, who after filing a bond in the sum of $600,000, proceeded to administer the same.    Mr. Frick's first act, as administrator, was to test the validity of his letters, the domicile of the deceased, and incidentally, the right of the Commonwealth to the tax conceived by the register to be due it, by presenting a petition to the Register of Allegheny county asking him to revoke the letters ancillary to the Massachusetts administration, which he had issued to William Bissell, upon the ground that they had been improvidently granted upon a misrepresentation of the fact in respect to Mr. Baldwin's domicile.

In this action the Commonwealth intervened, and it was so prosecuted by the Commonwealth and administrator, that a decree was made by the register of Allegheny county revoking said ancillary letters.    From this decree Mr. Bissell appealed to the Orphans' Court of Allegheny county, which court sustained the decree of the Register and dismissed the appeal. Mr. Bissell than appealed to the Supreme Court.    This appeal, so far as appears by competent evidence in this case, is now pending.    It is stated, however, by counsel to have been withdrawn, and for the purposes of this opinion it may be so regarded.

Defeated then in his attempt to have Mr. Bissell administer this estate in aid of the foreign letters, George E. Baldwin presents this petition and asks that Mr. Frick's letters be revoked and letters be issued to Mr. Bissell, for two reasons stated in his petition:

First.—Because he (George E. Baldwin) being a nephew of deceased and a resident of Philadelphia, Pennsylvania, is entitled to administer.

Second.—Because notice of the granting of letters to Mr.

Frick was not given to the petitioner, or to the other next of kin of William Baldwin, all of whom except the petitioner were and are non-residents of this state.

I am compelled to decline to grant the prayer of the petitioner:

1.—Because whatever rights the petitioner may have had to take out letters upon this estate, he waived when he denied the jurisdiction of the Register of Fayette county to grant letters at all by joining in proceedings to have an administrator appointed in Massachusetts and an ancillary administrator in Allegheny county, Pennsylvania, in aid of the foreign letters, which denial he persisted in, though twice defeated, until October, 1884.

2.—Because it was not necessary to give notice of the issuing of letters to Mr. Frick either to the petitioner in this case, or to the non-resident next of kin ; to the latter for the obvious reason that notice is not required to those who could not themselves administer (Sharpe's Appeal, 6 Norris 163). To neither him nor them, because they stood together in denying the register's power to act under any circumstances. The law never requires an idle or unnecessary act, and it would seem to be both idle and unnecessary to invite those to take out letters who were already upon record under oath denying the jurisdictional fact of residence.

3.—Because George E. Baldwin is not a proper party to administer upon this estate, having been a partner of the deceased, between whom there existed at the time of William Baldwin's death and at the present time remains, an unsettled partnership account. In this particular his nominee or agent stands upon no better ground than himself.

And now, to wit, January 12th, 1885, the above matter having come on to be heard upon the petition, answer and proofs, it is, after due consideration, hereby ordered, adjudged and decreed, that the petition of George E. Baldwin praying for the revocation of the letters of administration heretofore granted to H. C. Frick, Esq., upon the estate of William Baldwin, deceased, be and the same is hereby denied, and said petition is hereby dismissed. The cost of this proceeding to be paid out of said estate.

The petitioner thereupon appealed to the Orphans' Court of Fayette county. After hearing, said court entered the following decree:

And now, March 12th, 1885, this matter came on to be heard and was argued by counsel; and now June 12th, 1885, it is ordered, adjudged and decreed, that the appeal from the decision of the Register in refusing to revoke the letters of administration heretofore granted to H. C. Frick be sustained,

and that said letters be revoked; and it is further ordered, adjudged and decreed, that the Register issue letters of administration upon the estate of said decedent to David S. Bissell or such other fit person as the petitioners shall nominate.

From this decree H. C. Frick took this appeal, assigning said decree for error.

*Boyle* and *Knox* (*Mestrezat* and *Reed* with them), for appellant.

It was the duty of the Register of Wills of Fayette county to grant letters to some fit person, the only person next of kin, resident in the state, having by his acts in seeking to secure an illegal appointment of an administrator beyond the proper jurisdiction referred to, take out letters himself and there were no creditors.

All non-resident relatives and kindred were incompetent to administer: Sharpe's Appeal, 6 Norris, 163; Sarkie's Appeal, 2 Barr., 157.

The Register having once issued letters of administration to a fit person, he should not revoke them upon petition if one not entitled to letters himself or of one of kin who had by his acts previously refused to take out letters.

*Thos. C. Lazear* (*N. Ewing, P. S. Newmeyer* with him), for appellees.

The letters to Frick were improvidently issued, and should be revoked, is manifest for the following reasons:

1. Because Frick was not of any of the classes designated by law as entitled to administration, being neither a creditor of nor of kin to the deceased. The granting of the letters was therefore in the teeth of the Act of 15th March, 1832, sec. 22, P. L., 140; Ellmaker's Estate, 4 Watts, 34.

2. Because he was not the nominee of the parties interested in the estate. When the next of kin decline to administer, the Register, in granting letters of administration to another, is bound to respect their nomination. This was so declared in express terms in Ellmaker's Estate, *supra*, and the same ruling has been recognized and followed in McClelland's Appeal, 4 Harris, 114; Shomo's Appeal, 7 P. F. S., 359; Bieber's Appeal, 1 Jones, 157; and in Jones's Appeal, 10 W. N. C., 249.

3. Because appellant was appointed without notice from the Register to any of the parties entitled to an interest in the estate: McCaffrey's Estate, 2 Wr., 333; Murphy's Estate, 2 Brewster, 491; Williams's Appeal, 7 Barr, 259.

4. But again, what was especially fatal to the letters granted to appellant and rendered them absolutely void *ab initio*, was the fact that letters had already been granted by the Register

of Allegheny county to William S. Bissell.   While the latter
were in force, the Register of Fayette county could not legally
issue letters on the same estate to another person.   This posi-
tion we regard as well established by Brubaker's Appeal, 98
Pa. St., 21, in which this court declared that the creation of
two separate co-ordinate administrations upon the same estate
is unknown in our practice and is a manifest irregularity.

· Mr. Justice TRUNKEY delivered the opinion of the court,
October 4th, 1886.

William Baldwin, a resident of the county of Fayette, on
January 7th, 1884, died intestate, leaving no widow or lineal
heirs.   The only person interested in his estate, residing in
Pennsylvania, is George E. Baldwin, who has never wished to
administer the estate himself; and he made no move to nomi-
nate to the Register of the proper county, a person to be
appointed, until October 28th, 1884, when he petitioned for
the revocation of the letters which had been granted to Frick.
Within a week after the decedent's death, he entrusted the
business to Franklin Baldwin of Massachusetts.

On January 15th, 1884, Franklin Baldwin represented to
the Probate Court of the county of Worcester, Massachusetts,
that said decedent last dwelt in said county, whereupon in due
course of procedure said court on February 5th, 1884, issued
letters of administration of the estate of said decedent to said
Franklin Baldwin.

Upon the petition of Franklin Baldwin to the Register of
Allegheny county, representing that William Baldwin of
Worcester county, Massachusetts, died, leaving personal prop-
erty in Pennsylvania, the principal part thereof being in Alle-
gheny county, and that letters of administration had been
granted to himself in said county of Worcester, the Register,
on February 8th, 1884, granted ancillary letters of administra-
tion to William S. Bissell.

All parties interested in the estate who are now seeking the
revocation of the letters to Frick, were privy to the action of
Franklin Baldwin.   A glance at the procedure shows that
they moved quickly, not in the county and state where the
decedent resided when he died, but in another state, where
they obtained primary administration, and then in another
county in this state, where they obtained ancillary adminis-
tration.   It was well known that the estate was of consider-
able magnitude, and subject to the collateral inheritance tax.
No creditor has appeared anywhere to this day, asking for
letters, or objecting to the appointment of anybody.

The facts coming to the knowledge of the Register of the
proper county, on February 13th, 1884, he granted letters of
4 AMERMAN.—3

administration to H. C. Frick. In case of the refusal or incompetency of all the kindred of the decedent, and no creditor applying, by the letter and spirit of the statute, the Register may grant letters " to any fit person at his discretion." That Frick was a fit person is unquestioned. That it was proper for the Register of the county of Fayette to grant letters of administration, is clear; no jurisdiction of the subject was in the Register of any other county. Brubaker's Appeal, 98 Pa. St., 21, cited by appellees, ruled that it is error to create two separate co-ordinate administrations on the same estate. In that case the Register who had jurisdiction of the subject, granted both letters, the second by order of the Orphans' Court. Here, the Register having jurisdiction, rightfully granted the letters, and the lawfully-appointed administrator took an orderly and legal way to have the ancillary letters issued in Allegheny county, vacated.

On February 9th, 1884, Frick began proceedings for the revocation of Bissell's letters. Those who had been active in procuring Bissell's appointment had knowledge, if not actual notice, of that proceeding. Nearly fifty witnesses were examined, a large number being residents of the New England States. The letters were revoked in October, 1884; Bissell appealed, but on consultation with the heirs, abandoned the appeal, and George E. Baldwin immediately began this proceeding, giving no cause whatever for the revocation of the letters to H. C. Frick, save the following: "A person in nowise related to nor being a creditor of said decedent, and without notice to your petitioner, or to any other relations of the said decedent legally entitled to such administration."

George E. Baldwin has since become satisfied, but if this were otherwise his own testimony reveals that he has no cause to complain for want of notice. Doubtless, as alleged, the other parties concerned in the attempt to maintain the appointment of Bissell, concurred in the petition for removal of Frick. They are incompetent, because they are non-residents. If an administrator removes from this state, on the application of any person interested, the Orphans' Court may vacate his letters. Though letters may not be void when granted to a non-resident who gives the requisite bond, no non-resident has a right to the administration : Sarkie's Appeal, 2 Pa. St., 157; Sharp's Appeal, 97 Id., 163 ; Hood on Ex'rs, 59; Scott on Intestate Laws, 32. Among the reasons for refusing administration to a non-resident, is that he should be within the jurisdiction of the courts of this state. He is a trustee, answerable as such for the conduct of the trust estate, and interested parties when their rights are withheld, should not be confined to the slow process against sureties.

[Thomas & Sons v. Loose, Seaman & Co.]

A stranger has no right to demand letters, nor to object to the granting of letters, for he has no interest in the estate. Generally, it is the duty of the Register to regard the expressed will of the parties entitled to the estate, whether they reside within or without, and if they are incompetent, the trust should be committed to their nominee, if a fit person: Jones's Appeal, 10 W. N. C., 249. While a stranger is not in a position to be heard objecting, the Register ought not to grant letters to a non-resident, even if there should be none to object. Cases may arise where letters have been granted to fit persons, without assent of non-resident parties in interest, which should be revoked on their application.

When Frick was appointed to the trust, he was competent, and it was proper that the Register should act promptly. All the parties now complaining, were active to avoid the tribunal having jurisdiction. In what they represented to the Probate Court in another state, and in what they did in Allegheny county, they may have acted in good faith, and we say naught to the contrary. The appointment of Frick was lawful and provident. As the case comes, considering the facts and circumstances, there is no reason for the revocation of his letters.

> Decree revoking the letters of administration granted to H. C. Frick is reversed, at the costs of the appellee.