Flora Appeal (No. 1).

238

Argued October 7, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Daniel H. Shertzer,* for appellant.

*Robert Ruppin,* with him *Joseph R. Byars,* for appellees.

OPINION BY HIRT, J., January 17, 1956:

Max Schulz died in 1917 seized of a farm in Lancaster County. By his will the farm, as a part of his residuary estate, was devised to his executor with direction to sell the land within two years from the testator's death. Of the proceeds of sale he bequeathed equal one-seventh shares to each of six of his children. The remaining share he directed to be retained by his executor in trust for his seventh child, Frank, and his wife Lena, for lives and the life of the survivor of them. On the death of the life tenants the testator directed that the entire corpus of the trust be divided equally among their children. Testator named his son Edward as his executor.

The executor never converted the real estate into personalty by sale as directed by the testator. On March 24, 1920 five of the children of Max Schulz conveyed their undivided interests in the farm to their brother Edward Schulz. Frank Schulz, the surviving life tenant of the remaining one-seventh share in the land (his wife having predeceased him), joined in the deed. The consideration for the sale was $12,000. The deed recites that ". . . one seventh (1/7) of the purchase price should be held in trust for Frank Schulz and his children for the purposes specified in the will of Maximillian Schulz. . ." There were seven children of Frank and Lena Schulz, five of whom were minors at the time of the above sale of interests in the land to Edward Schulz but none of them joined in the conveyance either in person or by guardian. Nevertheless Edward Schulz thereafter treated the farm as his own, freed from the trust created by the will, and the deed recited, although erroneously, that ". . . all of the parties hereto are all of the heirs and legal representatives of the said Maximillian Schulz, deceased, and are all of the parties who now have or hereafter might or could have any interest in the said real estate and by arrangement among all of the parties hereto it has been agreed to execute this conveyance so that the said Edwin J. Schulz [Edward Schulz] the grantee herein shall have an absolute fee simple title in the premises free and discharged of all claims whatsoever which any of the parties hereto might or could have in the said real estate, or in any personal property belonging to the said decedent."

Edward Schulz the executor and testamentary trustee died on January 6, 1941; since then no one has been appointed as his successor nor as administrator d.b.n.c.t.a. of the estate of Max Schulz. Frank, the surviving life tenant, died on August 5, 1943 leaving seven

children to survive him all of whom by that time were of full age. On July 6, 1951, Elvin T. Schulz, one of the seven children of Frank Schulz, the life tenant, petitioned the orphans' court for a citation on all parties to show cause why the register of wills should not be directed to grant letters d.b.n.c.t.a. in the estate of Max Schulz, although more than twenty-one years after his death, in accordance with §302 of the Fiduciaries Act of April 18, 1949, P.L. 512, 20 PS §320.302. The orphans' court denied the petition and we affirmed the order. The Supreme Court allowed an allocatur and in *Schulz Estate,* 374 Pa. 459, 98 A. 2d 176[1] our decree and that of the orphans' court were reversed with a direction to the orphans' court to grant the prayer of the petition.

The Supreme Court as a basis for its order concluded that: "All that Edward Schulz acquired by the deed . . . was the respective *individual* shares of his brothers and sisters" and, in effect, since Frank had only a life estate in a one-seventh share, he did not transfer anything to Edward by joining in the deed; there was no sale by the fiduciary and the mere failure of the trustee to execute the trust and the failure of the beneficiaries to compel him to perform it did not terminate the trust, nor extinguish the beneficiaries' interests; and since Frank's children, the remaindermen under the trust, were not estopped by laches under the circumstances, and had not otherwise divested themselves of title, their interests in the farm remained as they existed at the death of the testator Max Schulz.

On July 29, 1953, the orphans' court in conformity with the decree of the Supreme Court directed the

---

[1] Reference is made to the opinion in that case for a recital of facts which supply the background of the present appeal much more in detail than we have found necessary.

register of wills to grant letters of administration to such person as may be entitled thereto by statute. And on the same day Dorothy Flora, a daughter of Frank Schulz and one of the residuary legatees under the will petitioned the Register of Wills of Lancaster County to grant letters of administration d.b.n.c.t.a. in the estate of Max Schulz, to her. At the hearing before the register he also had before him the petition of The Fulton National Bank of Lancaster, in the interest of the heirs of Edward Schulz, for the grant of letters to it. The register recognized Dorothy Flora, a residuary legatee, as a member of a class to be preferred in the grant of letters under the existing law as declared in §305 of the Fiduciaries Act, supra. Yet from the testimony at the hearing before him the register found that Dorothy Flora was not a resident of Pennsylvania and her application for letters was refused on that ground and on that ground alone. On appeal the orphans' court after hearing de novo, found that appellant was not in fact a resident of Pennsylvania and for that reason affirmed the action of the register of wills. Both the register and the court indicated that the petition of The Fulton National Bank of Lancaster for letters would be considered only in the event that no member of the preferred class of residuary legatees could qualify.

The basic question here involved is whether the register abused his discretion in refusing to grant letters of administration c.t.a. to the appellant. Cf. *McMurray's Estate*, 256 Pa. 233, 100 A. 798. The testimony clearly supports the finding by both the register and the lower court that Dorothy Flora was not a resident of Pennsylvania. She sold her home in Lancaster in January 1953 and bought a house trailer. Thereafter she with her husband, lived in the trailer beyond the limits of Pennsylvania in the State of Florida, Alabama and Texas. In answer to the question at the hearing

before the register: "Where do you live when you are not in Pennsylvania, and where are you now residing?" she answered: "We lived in the trailer, but we are traveling. There is no permanent place." She returned to Pennsylvania only on three occasions and then only to file her petition for letters and to attend hearings on her application. She has not voted in Pennsylvania and owns no property here except her interest in the testator's real estate. After the last hearing before the register she went back to Arlington Texas to get her trailer to bring it back with her to Lancaster. At the time of the hearing before the court she was living in her trailer in a trailer park in Lancaster. A mobile dwelling is not even realty (Cf. *Streyle v. Bd. of Prop. Assess, App. & Rev.,* 173 Pa. Superior Ct. 324, 98 A. 2d 410) and life in the trailer does not lend credence to appellant's declaration that she intends to remain in Pennsylvania "indefinitely". The lower court was right in concluding that the register did not abuse his discretion in finding that appellant was a non-resident and in refusing letters to her on that ground. One applying for letters although having an interest in the estate may be disqualified if unfit to administer. Among these disqualifications is non-residence of the applicant. *Friese's Estate,* 317 Pa. 86, 90, 176 A. 225; *Frick's Appeal,* 114 Pa. 29, 6 A. 363. Moreover appellant cannot qualify as the nominee of all of the parties in interest. Only five of the other residuary legatees renounced in her favor. The heirs of Bertha Kramer, the seventh legatee, did not join in her petition. So also there were the adverse interests of the heirs of Edward Schulz in the land to be sold who opposed the appellant's appointment.

It is unnecessary to determine whether a caveat filed by the widow and heirs of Edward Schulz was a nullity because of a defect in the caveator's bond. Our

disposition of the appeal stamps that question as inconsequential. Cf. *Phillip's Estate,* 293 Pa. 351, 143 A. 9.

Order and decree affirmed; costs to be paid out of the estate.