## Little Estate

*Nevin B. Stetler*, for petitioner.

*William W. Wogan*, for trustee.

GROSS, P. J., December 20, 1956.—Daisy B. Little, decedent, died September 17, 1949, testate. Her will is dated March 5, 1946, with codicil thereto annexed, dated November 6, 1948, both of which were duly probated. By the codicil, testatrix provided as follows:

"Item Two: I hereby revoke Item Five sub-paragraph (1) of my said last will and testament, and in its stead and place I direct that a one-fourth share of my residuary estate be placed with the York Trust Company, of York, Pennsylvania, in trust nevertheless for my son, Thomas G. Little, referred to in my will as Thomas J. Little; with the provision that if my son desires the Trustee to do so, upon written request of my son, Thomas G. Little, the Trustee shall invest from said one-fourth share a sum of money not in excess of $7,000.00, for the purpose of purchasing a home for my son, of his own choice. It shall be the duty of the Trustee to see that taxes and repairs upon said property are paid from the income of any balance remaining in said trust fund. In the event the income from the balance of said trust fund is not sufficient to pay for the ordinary repairs and taxes on said property,

then the Trustee shall see that the taxes and/or repairs are paid by my son, Thomas G. Little. In the event of a default in payment by my son, Thomas G. Little, the Trustee may in its discretion, liquidate said property and place the cash received from said liquidation in the trust fund. The income from said trust fund shall be paid to my son, Thomas G. Little, until he arrives at the age of 60 years. After my son has arrived at the age of 60 years, the principal of said fund shall be paid to him and any real estate held by the Trustee for his benefit shall be conveyed to him by said Trustee.

"In the event my son, Thomas G. Little, should die before he arrives at the age of 60 years, this portion of my estate shall be divided equally among his children who are living at the time of his death."

Petitioner, Thomas G. Little, is 57 years of age. Upon the adjudication of the estate of decedent, York Trust Company, as trustee, was awarded the sum of $4,939.83 under the codicil.

In May of 1956, petitioner, intending to express his desire to have a home of his own choice purchased for him, requested said trustee to purchase a trailer home for him at the approximate cost of $4,750. The trustee refused to honor his request; whereupon Thomas G. Little presented his petition to this court, asking for an order upon said trustee, compelling it to do so.

The trustee answered the petition in which it set forth that it was the belief of said trustee that a trailer type home was not the kind of home which testatrix intended should be purchased for the use of said petitioner, and that, by doing so, because of the transitory nature of that type of home, it would endanger the corpus of the trust.

The next of kin of Thomas G. Little, petitioner, are two adult children and one minor. The adult children

of petitioner joined in the prayer of his petition and, for the purpose of protecting the interests of the minor and unborn children of petitioner, we appointed a guardian and trustee ad litem to represent their interests.

The sole question before the court, therefore, is: Does the purchase of a trailer type home, it being the choice of petitioner, meet the intentions of testatrix as expressed in the codicil to her will above quoted.

It has been held in numerous decisions of both the lower and Superior Courts of the Commonwealth that a house trailer is simply a mobile house and comes clearly within the police power regulations of municipalities: Streyle v. Board of Property Assessment, etc., 173 Pa. Superior Ct. 324; Commonwealth v. McLaughlin, 168 Pa. Superior Ct. 442; Falls Township Trailer Ordinance No. 2, 89 D. & C. 203; Fryer Appeal, 81 D. & C. 139. But in Flora Appeal (No. 1), 180 Pa. Superior Ct. 237, at page 242, it was held that a mobile dwelling, such as a trailer home, is not realty.

Considering the codicil in its entirety, we think it is perfectly clear that decedent intended by the codicil to her will that the trustee should purchase real estate as a home for petitioner, and that a mobile home, such as a trailer, does not qualify as such.

The codicil expressly directs that any real estate held by the trustee for the benefit of petitioner shall be conveyed to him when he arrives at 60 years of age. This clearly indicates that the intention of testatrix was that the choice of a home for petitioner should be real estate.

We, therefore, enter the following

### Order

And now, to wit, December 20, 1956, the prayer of the petition is refused and the petition is dismissed. We direct that the record costs of the proceeding be

paid by the trustee out of the trust fund, and also the sum of $50 which we allow to Harry L. McNeal, Jr., the guardian and trustee ad litem, for service rendered in connection with the proceedings.