642 A.2d 498

**In re ESTATE OF Evelyn BLOM a/k/a Eva Blom, Deceased.**

**Appeal of John LUCAS, Mary Mitchell and Evelyn Andriola.**

Superior Court of Pennsylvania.

Argued April 13, 1994.

Filed May 17, 1994.

David Hiscox, Wilkes-Barre, for appellants.

Michael J. Hudacek, Plymouth, participating party.

Before TAMILIA, SAYLOR and HOFFMAN, JJ.

TAMILIA, Judge.

John Lucas, Mary Mitchell and Evelyn Andriola appeal from the August 16, 1993 Order granting appellee Jane Scott McCrorie's motion for judgment on the pleadings and making absolute the Register of Wills grant of Letters of Administration.

This lawsuit originated from a disagreement among heirs as to whom should administer the estate of the decedent, Evelyn Blom a/k/a Eva Blom, a Luzerne County resident who died intestate on January 3, 1993. The decedent's next-of-kin include Helen Hurley, sister, Nicholas Sabbath, brother, Mary Mitchell, sister, Evelyn Andriola, Jane Scott McCrorie and William McCrorie, children of deceased sister Anna McCrorie, and John Lucas, child of deceased sister Catherine Lucas. Only Hurley and Sabbath remain residents of Luzerne County. On February 8, 1993, niece Jane Scott McCrorie (Scott) presented the Luzerne County Orphans' Court with the renunciations and nominations of Hurley and Sabbath, and the joinder of nephew, William McCrorie, giving her an 8/15 interest in the estate, and petitioned for a grant of letters of administration. Subsequent to the grant of letters, on February 23, 1993, Scott's counsel filed a certificate of notice certifying each of decedent's beneficiaries had been served with a notice of beneficial interest. Two weeks later, on March 9, 1993, nephew Lucas (appellant) filed a petition for Citation to Revoke Letters of Administration Granted [1] which was denied by the Register of Wills but certified to the Court of Common Pleas, Orphans' Court Division, where Lucas filed an appeal challenging the grant of letters. Appellant, who held a 7/15 interest in the estate due to nominations by Andriola and

---

1. This petition is not contained in the record but administratrix admitted knowledge of this document via her answer filed April 15, 1993 and written notification via Orphans' Court.

Mitchell, alleged Scott's petition for grant of letters was defective because she failed to list the name, relationship and address of each heir, and also because Scott failed to notice all heirs regarding her petition. It was nephew's position he, as a Pennsylvania resident with a 1/5 interest in the estate, was entitled to letters of administration rather than niece Scott, who resides in Hawaii and holds only a 1/15 interest.[2] After due consideration, the administratrix's motion for judgment on the pleadings was granted August 16, 1993 by the Orphans' Court Division of the Court of Common Pleas of Luzerne County. This appeal followed.

■ The Register of Wills may exercise discretion in appointing an administrator from within the class of persons eligible for appointment to oversee the estate of one who has died intestate. *Friese's Estate,* 317 Pa. 86, 176 A. 225 (1934); *Brokans v. Melnick,* 391 Pa.Super. 21, 569 A.2d 1373 (1989). In Pennsylvania, the person entitled to a grant of administrative letters is determined by the application of 20 Pa.C.S. § 3155(b), **Persons entitled,** set forth in pertinent part below:

**(b) Letters of administration.**—Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

.    .    .    .    .

(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

.  .    .    .    .    .

(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in

**2.** These representative fractions reflect the parties' beneficial interest in the estate rather than the aforementioned fractional interest which reflected their representative interest(s).

preference to the persons set forth in any succeeding clause.

*Id.* Those persons wishing to be granted letters of administration shall petition the Orphans' Court, stating, under oath, so far as they are known:

(1) The decedent's name, age, state or country of domicile, his last family or principal residence, and the place and day of his death.

(2) If the decedent died intestate, the name and residence address of the surviving spouse, if any, and the names, relationships and residence addresses of other heirs.

.    .    .    .    .

(4) If the decedent was domiciled in the Commonwealth at the time of his death, the estimated value of all his personal property, and the estimated value and the location of his real property situated in the Commonwealth.

.    .    .    .    .

(6) The name and residence address of each person to whom letters are requested to be granted.

(7) Any other facts necessary to entitle the petitioner to letters.

*Id.,* § 3153, **Contents of petition.**

On appeal, Lucas repeats his arguments raised in the trial court. To wit: the Register of Wills abused its discretion by granting letters of administration on the basis of a defective petition and without giving notice of said petition to all heirs who had not renounced in favor of appellee Scott.

■ The petition for a grant of letters of administration filed by Scott on February 8, 1993 listed the names and addresses of all decedent's living siblings, but failed to specifically name the two nephews and two nieces, stating only the decedent was survived by "4 Nephews and Nieces." After letters were granted, appellee's certificate of notice was filed stating all those with a beneficial interest were made aware they stood to inherit from Blom's estate. It was this notice to all interested parties, including Lucas, which cured any alleged defect in Scott's petition. Moreover, no case law re-

viewed by this Court mandates notice prior to the grant of letters be given to nonresident heirs.[3] We have found no controlling case law which held such lack of notice to be reversible error.

Next, although Lucas chose to challenge the grant of letters to his cousin [4] by filing a citation to revoke, he failed to request a hearing on the matter. Because a hearing is not required by law and because Lucas chose not to request oral argument, the Register of Wills simply reviewed the merit of Lucas' petition, in light of all attendant circumstances, exercised its discretion and· ruled the grant of letters to Scott would stand. When the Register of Wills certified the matter to Orphans' Court due to the complexity of the matter, Lucas appealed the Register's decision but once again chose to stand on the record and did not request oral argument. Accordingly, as stated above, appellant cannot now allege a due process violation on the basis he was not afforded a hearing.

Appellant's argument his 1/5 beneficial interest in his aunt's estate, versus Scott's 1/15 interest, necessarily entitled him to administer the estate is equally without merit, fractional interests of the parties vying for the role of administrator/administratrix being only one of several factors considered by the Register of Wills. In any case, assuming arguendo "right does make right", when the final mathematical calculations are complete, Lucas's 7/15's interest is obviously inferior to administratrix's 8/15. Lastly, the fact appellee lives in Hawaii, which indeed could have proved cumbersome in administering an estate 5,000 miles away, has not proved detrimental to the efficient management of decedent's estate.

When reviewing a decision granting judgment on the pleadings, this Court must accept as true all well-pleaded statements of fact, admissions and any documents properly

---

3. Resident heirs are those residing in the same county as the decedent at the time of his or her demise.

4. The renunciations of Andriola and Mitchell in appellant's favor were not included in his petition to revoke, but were filed on March 23, 1993, as Consent and Joinder documents to Lucas's March 17, 1993 appeal from the Register of Wills' denial of his petition.

attached to the pleadings presented by the party against whom the motion is filed. *Steiner v. Bell of PA,* 426 Pa.Super. 84, 626 A.2d 584 (1993). Judgment on the pleadings will be granted only where the moving party's right to succeed is certain and so free from doubt trial would be a fruitless exercise. *Id.* Appellant Lucas has pled no facts indicating an abuse of discretion on administratrix's behalf, nor has he alleged any legitimate grounds upon which to base Scott's removal as administratrix. We have reviewed this case, bearing in mind the aforestated standards, and have found appellant's arguments devoid of merit.[5]

Order affirmed.

5. Although we have found no error of law or abuse of discretion on the part of the trial court, we hasten to add the procedure by which letters of administration are granted is in dire need of overhaul. We offer this comment as constructive criticism, in an effort to promote regulations designed to more closely scrutinize those individuals to whom the administration of estates, some substantial, is entrusted. In support of this observation, we refer readers to the footnote addressing this issue, included in an Opinion penned by our colleague, the Honorable Zoran Popovich, and set forth below:

11. We take this opportunity to alert the Legislature, the Pennsylvania Supreme Court and local rules committees to the absolute ease with which letters of administration may be obtained in the hope that new standards will be enacted. Though we presume our brethren act legally, the current method of granting letters of administration is ripe for the perpetration of fraud upon an estate. As this case demonstrates, at least in Philadelphia, a complete stranger to an estate can obtain letters of administration without so much as a hearing to determine whether the information supplied in his petition is true. It is entirely conceivable that a n'eer-do-well could obtain letters based upon a fraudulent petition, use the letters of administration to withdraw funds from the decedent's bank account and quietly abscond with the estate before the true heirs or the Commonwealth even learn of the decedent's death. While we do not herein propose a new system for granting letters—that is not our function—we are certain that allowing a clerk in the local register's office to grant a petition, without so much as a cursory investigation into the veracity of the averments in the petition, does not adequately protect the interest of heirs of the Commonwealth.

*Brokans v. Melnick,* 391 Pa.Super. 21, 31 n. 11, 569 A.2d 1373, 1377 n. 11 (1989).