690 A.2d 1216

**In re ESTATE OF Donald Clyde DILBON.**

**Appeal of Deborah K. DILBON.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1997.

Filed March 11, 1997.

492

Heather A. Williams, Hollidaysburg, for appellant.

James R. Cascio, Somerset, for appellee.

Before TAMILIA, SAYLOR and SCHILLER, JJ.

TAMILIA, Judge.

Appellant, Deborah K. Dilbon, appeals the May 9, 1996 Order denying her Petition for Citation to Revoke Letters of Administration. The letters of administration, granted to Attorney John J. Dirienzo, Jr., were sought so that appellee, Robert Vernon Smith, could commence his cause of action for personal injury damages by service of a complaint upon the personal representative of the estate of Donald Clyde Dilbon.

The personal injury action arose out of an automobile accident on December 23, 1992 caused by Mr. Dilbon when he lost control of his vehicle, crossed the center line of a highway and collided with a vehicle driven by appellee with his wife and son as passengers. The accident resulted in Mr. Dilbon's death and injuries to the appellee and his family. Initially, because he resided there and Mr. Dilbon had owned a business there, appellee planned to commence his suit in Maryland after applying for the letters of administration for the estate of Mr. Dilbon in that state. He was denied the letters of administration in Maryland, however, and that denial was affirmed on appeal.

The Circuit Court for Allegany County, Maryland, indicated the letters of administration could properly be sought in Pennsylvania, as Mr. Dilbon's liability insurance policy, from which appellee's damages were sought, constituted personal property situated in Pennsylvania. Thereafter, at the request of appellee, John J. Dirienzo, Jr., a Pennsylvania resident and attorney, sought and was granted appointment as personal representative of the Dilbon estate approximately ten days before the expiration of Maryland's three-year statute of limitations for personal injury actions. Attorney Dirienzo was then served and appellee's cause of action was commenced shortly before the expiration of the limitations period.

On appeal, appellant argues the trial court committed an abuse of discretion and an error of law in denying her petition to revoke the letters of administration. Specifically, she asserts the procedure provided by 20 Pa.C.S. § 3155(b)[1] was ignored, in that the letters of administration were granted to Attorney Dirienzo, a representative of appellee, before parties with higher priority under the statute had renounced their rights to the letters. In addition to the fact that renunciations were not secured, appellant argues that neither she nor the

1. **20 Pa.C.S. § 3155. Persons entitled**

 **(b) Letters of administration.**—Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

 (1) Those entitled to the residuary estate under the will.

 (2) The surviving spouse.

 (3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

 (4) The principal creditors of the decedent at the time of his death.

 (5) Other fit persons.

 (6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding clause.

 (7) A guardianship support agency serving as guardian of an incapacitated person who dies during the guardianship administered pursuant to Subchapter F of Chapter 55 (relating to guardianship support.)

(Footnote omitted.)

children of the decedent were notified of Attorney Dirienzo's application for the letters of administration prior to the grant of the letters to him by the Register of Wills.

 As an initial matter, we note that on appeal the findings of an Orphans' Court judge must be accorded the same weight and effect as a jury verdict. *Appeal of Gannon*, 428 Pa.Super. 349, 631 A.2d 176 (1993). This Court can modify an Orphans' Court decree only if it is unsupported by competent or adequate evidence or if an error of law, abuse of discretion or capricious disbelief of competent evidence has taken place. *Id.*

Letters of administration are to be granted by the Register of Wills to entitled persons. In addition to a surviving spouse and persons entitled under the intestate law, creditors of the decedent and "other fit persons", at the discretion of the Register of Wills, may be appointed to administer an estate. 20 Pa.C.S. § 3155(b)(1)–(7). Ordinarily, the Register is bound to grant letters of administration in the order provided by section 3155(b). However, section 3155(b) provides that the Register may grant letters other than in the sequence listed if "good cause" to do so exists. 20 Pa.C.S. § 3155(b).

 It was assumed by all persons involved in this matter that appellee's claim for personal injury damages against Mr. Dilbon's estate gave appellee "creditor" status for purposes of the Probate Code. Such is not the case. Although the existence of appellee's *claim* against Mr. Dilbon's estate establishes a financial interest in the estate, because the claim is unliquidated, it does not constitute a debt. "[T]he plaintiff in an action ex delicto against the estate of a decedent is not a creditor until such status is established by obtaining a judgment on a verdict rendered by a jury in a court of competent jurisdiction." *Gilbert's Estate (No. 4)*, 350 Pa. 13, 14, 38 A.2d 277, 278 (1944), citing *Locher's Estate (No. 1)*, 219 Pa. 42, 67 A. 953 (1907). Our research has disclosed no other Pennsylva-

nia appellate cases which discuss this precise issue,[2] accordingly, *Gilbert* remains the law and we hold that appellee's interest may properly be considered a claim "not certain to become due", 20 Pa.C.S. § 3388, "subject to litigation in other courts", *id.* § 3389, and subject to the equitable powers of the Orphans' Court which "may make such provision for the distribution or satisfaction of the claim as shall be equitable." *Id.* We find this permitted the Orphans' Court, through the Register of Wills, to appoint claimant's counsel to administer the estate under the "other fit persons" category of **Persons entitled,** 20 Pa.C.S. § 3155(b)(5),[3] so as to permit an action to be filed against the estate before the running of the statute of limitations.

■ To summarize, because appellee's claim is not a debt, he cannot be considered a creditor of Mr. Dilbon's estate and be a person entitled to the letters under section 3155(b)(4). We hold appellee is an "other fit person", however, and as such Attorney Dirienzo properly was granted the letters of

2. Our research has revealed the Delaware County case of *Hornsey v. Jacono*, 12 Pa. D. & C.2d 291 (1957), which discussed this issue as it related to a notice provision of the Pennsylvania Fiduciaries Act.

3. In *Brokans v. Melnick*, 391 Pa.Super. 21, 569 A.2d 1373 (1989), this Court cited in a footnote a Pennsylvania Supreme Court case from 1884 for the proposition that "[o]nly in the absolute absence of kin or creditors may any fit person be appointed," to administer an estate. *Brokans*, supra at 29 n. 9, 569 A.2d at 1377 n. 9 (citing *Appeal of Frick*, 114 Pa. 29, 6 A. 363 (1886)). In *Frick's Estate,* our Supreme Court held, "[I]n case of the refusal or incompetency of all the kindred of the decedent, and no creditor applying, by the letter and spirit of the statute, the Register may grant letters 'to any fit person at his discretion' ". *Id.* at 34, 6 A. at 364.

For explanatory purposes, we note that probate procedures have changed somewhat since 1884, and the "refusal" referred to in the *Frick's Estate* case was demonstrated by inaction on the part of a relative of the decedent, rather than by a formal renunciation of the right to the letters of administration, as provided in section 3155(b)(6), which is ordinarily required today. In the instant case, although the kin of Mr. Dilbon did not "renounce", by 1996 standards, they did "refuse", by 1884 standards. Therefore, appellee's representative was appropriately appointed because he was a "fit person" to administer the estate and, according to *Frick's Estate* and *Brokans*, there was an absence of kin and creditors.

administration.[4]

■ In the instant case, we find, as appellant asserts, that the order of preference provided in section 3155(b) was not followed. However, this finding is not dispositive of the issue. The Register of Wills may exercise discretion in appointing an administrator from within the class of persons eligible for appointment to oversee the estate of one who has died intestate. *In re Estate of Blom*, 434 Pa.Super. 111, 642 A.2d 498 (1994).

■ The discretion of the Register of Wills was manifested by her determination that appellee, through his representative, should be granted the letters of administration over the preferential right ordinarily afforded to the surviving spouse; presumably, because good cause was found to exist, justifying the disruption of the order of preference provided by section 3155(b). It was necessary that appellee's cause of action be brought against the personal representative of Mr. Dilbon's estate. *Finn v. Dugan*, 260 Pa.Super. 367, 394 A.2d 595 (1978). As such, the fact that the statute of limitations period on appellee's personal injury action was about to expire constituted good cause to diverge from the order of preference and appoint a personal representative.

Due to the facts that appellant did not seek the grant of the letters of administration in Maryland or Pennsylvania and appellee was denied the letters of administration in Maryland, it was incumbent upon appellee to take affirmative steps to secure a personal representative for Mr. Dilbon's estate prior to the expiration of the limitations period. *Myers v. Estate of Wilks*, 440 Pa.Super. 176, 655 A.2d 176 (1995). Therefore, because good cause existed to violate the order of preference provided by section 3155(b), the procedural requirements of

4. "[T]his Court may affirm a decision of the trial court when it is correct on any legal ground or theory without regard to the ground upon which the trial court relied." *Schimp v. Allaman*, 442 Pa.Super. 365, 370–71, 659 A.2d 1032, 1035 (1995).

that section were followed and no abuse of discretion or error of law was committed by the trial court.

In the alternative, if we were to find that the Register of Wills did commit a procedural default in ignoring section 3155(b), our conclusion that no error of law or abuse of discretion was committed by the trial court would not change. Appellant's allegations, i.e., that renunciations of rights to the letters of administration by Mr. Dilbon's surviving spouse and children were not secured and prior notice of Attorney Dirienzo's application for the letters was not given, are inconsequential. This is so because Attorney Dirienzo, the personal representative of Mr. Dilbon's estate, has stated that he sought the grant of the letters of administration for the sole purpose of facilitating the commencement of appellee's personal injury lawsuit, and has offered to take the necessary steps to remove himself from the position of personal representative and substitute appellant or another qualified party. Therefore, assuming arguendo that a procedural default took place, the appellant clearly was not prejudiced by the allegedly improper actions of the Register of Wills. See *Estate of Osborne,* 363 Pa.Super. 200, n. 10, 525 A.2d 788, 795 n. 10 (1987).

Appellant has failed to demonstrate that an abuse of discretion or error of law was committed by the trial court. As such, we must affirm the Order which denied appellant's petition.

Order affirmed.