Kenneth E. DOHNER, Appellant,

v.

Thomas CLEMENS, M.D. and Lebanon Internal Medicine Associates, P.C.

Superior Court of Pennsylvania.

Argued Sept. 24, 1997.
Filed Nov. 21, 1997.

Michael J. Stack, Philadelphia, for appellant.

Dana Scaduto, Harrisburg, for appellees.

Before CAVANAUGH, TAMILIA and HUDOCK, JJ.

TAMILIA, Judge:

Appellant[1] takes this appeal from the Order of September 11, 1996 which dismissed his action with prejudice. The dismissal was entered upon the trial court's consideration and grant of appellees' petition for abatement of appellant's action for failure to take out letters of administration.

The relevant facts of the case have been recounted by the trial court as follows:

This medical malpractice action was initiated by Plaintiff by Writ of Summons on September 24, 1990. On January 3, 1991,

---

1. Because a personal representative never was substituted as a party to the action, to whom the term "appellant" refers is unclear. The term is used throughout this Opinion however so that the issues may be addressed with the least amount of confusion.

Plaintiff filed a Complaint against Defendants Thomas Clemens, M.D. and Lebanon Internal Medicine Associates, P.C. alleging Plaintiff sustained personal injury as a result of Defendants' negligent treatment of a cardiovascular condition.

On February 1, 1991, Defendants filed an Answer to the Complaint and New Matter. Plaintiff filed a Reply to the New Matter on February 28, 1991. On July 22, 1992, Plaintiff's counsel, Eric J. Wiener, Esquire, filed a Petition for Leave to Withdraw as Counsel. This Petition was granted by Opinion and Order dated January 22, 1993. Barton A. Haines, Esquire, entered his appearance on behalf of Plaintiff on February 4, 1993.

On February 26, 1993, Defendants filed a Motion to Compel Discovery and Answers to Interrogatories. Plaintiff filed a response to the Motion on March 22, 1993. By an Opinion and Order dated April 14, 1993, Defendants' Motion was granted and Plaintiff was ordered to produce an expert's report and to answer Defendants' March 4, 1992 interrogatories within thirty days.

On April 26, 1993, Plaintiff filed a Notice of Taking Deposition. On May 12, 1993, Plaintiff filed supplemental answers to Defendants' interrogatories. On June 7, 1993, Plaintiff filed another notice of taking deposition.

The action then languished until Defendants filed a Motion to Dismiss for Want of Prosecution on April 17, 1995. On April 24, 1995, Plaintiff responded by filing an answer and a Motion to Compel Answers to Interrogatories. By an Opinion and Order dated October 3, 1995, Defendants' Motion to Dismiss for Want of Prosecution was denied on the ground that Plaintiff's June 7, 1993 filing of a notice of taking deposition was found to constitute positive docket activity within two years prior to the filing of Defendants' Motion.

On October 30, 1995, Defendants filed a Motion and Suggestion of Death asserting that Plaintiff Kenneth E. Dohner died on July 27, 1993. By an Order filed October 30, 1995, the Suggestion of Death was made effective April 21, 1995, the date Plaintiff filed an answer to Defendants' Motion to Dismiss and admitted the allegation of Plaintiff's death.

On April 24, 1996, Defendants filed the instant Petition for Abatement and Motion to Dismiss. On May 2, 1996, a praecipe was filed to withdraw the appearance of Barton Haines Esquire and enter the appearance of Michael Stack, Esquire on behalf of Plaintiff.

(Slip Op., Tylwalk, J., 9/11/96, pp. 1–3; footnote omitted.)

On September 11, 1996, the petition for abatement was granted because appellant's counsel failed to have a personal representative appointed within one year of the filing of the suggestion of death, pursuant to 20 Pa. C.S. § 3375.[2]

Appellant's argument that the cause of action should not have been abated consists of the assertion that the delay in taking out letters of administration was reasonable. As explained by appellant to the trial court, the delay occurred because the decedent's children from his first marriage refused to communicate with decedent's counsel and refused to sign renunciation forms in favor of decedent's mother or wife. As such, appellant asserts, "the children essentially prevented the creation of an estate and blocked the progression of their father's civil suit." (Appellant's brief, p. 1.) The trial judge did not agree with appellant that the "years of unresolved tension" which resulted from the divorce and created the delay in appointing the personal representative was a reasonable ex-

---

2. **§ 3375. Abatement of action for failure to take out letters**

If a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action as to the cause of action of the decedent. Copies of the petition shall be served upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration. The court shall abate the action as to the cause of action of the decedent if the delay in taking out letters is not reasonably explained.

planation. Rather, it found the delay was not reasonably explained, stating, "we do not believe it is reasonable to expect Defendants, and the judicial system in general, to await the resolution of Plaintiff's family tensions before appointment of a personal representative." (Slip Op. at 5).

While appellant states in his brief that he "respectfully disagrees" with the trial court's finding, that assertion does not permit us to modify the court's Order. The findings of an Orphans' Court judge must be accorded the same weight and effect as a jury verdict. *Estate of Dilbon*, 456 Pa.Super. 490, 690 A.2d 1216 (1997). This Court can modify an Orphans' Court decree only if it is unsupported by competent or adequate evidence or if an error of law, abuse of discretion or capricious disbelief of competent evidence has taken place. *Id.* In applying this standard, we cannot conclude that the trial court abused its discretion or committed an error of law in dismissing appellant's action based upon its finding that the delay in appointing a personal representative was not reasonably explained.

Furthermore, we point out that despite the apparent refusal of decedent's children to seek the letters of administration, procedures exist in 20 Pa.C.S. § 3155 by which decedent's counsel could have sought grant of the letters in order to preserve the action. Section 3155 provides in pertinent part:

**20 Pa.C.S. § 3155. Persons entitled**

  **(a) Letters testamentary.**—Letters testamentary shall be granted by the register of the executor designated in the will, whether or not he has declined a trust under the will.

  **(b) Letters of administration.**—Letters of administration shall be granted by the register, in such form as the case shall require to one or more of those hereinafter mentioned and, except for good cause, in the following order:

    (1) Those entitled to the residuary estate under the will.

    (2) The surviving spouse.

    (3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

    (4) The principal creditors of the decedent at the time of his death.

    (5) Other fit persons.

Appellant's asserted reason for the delay, i.e. individuals were "blocking the creation of an estate" and "preventing appointment of a personal representative", has been addressed by this Court in *Estate of Dilbon, supra*. In *Dilbon*, renunciations were not filed and letters of administration were not taken out by any member of the decedent's family because doing so would have enabled the appellant in that case to commence a personal injury action against that estate. Letters of administration were sought by counsel for that appellant and granted shortly before the expiration of the statute of limitations, pursuant to section 3155(b). This Court held that such a grant was proper under that section as "the register of wills may exercise discretion in appointing an administrator from within the class of persons eligible for appointment to oversee the estate of one who has died intestate." *Id.* at 496, 690 A.2d at 1219 (*citing In re Estate of Blom*, 434 Pa.Super. 111, 642 A.2d 498 (1994)). Because no attempt was made to have the letters of administration timely granted under section 3155 to another eligible party without the renunciations of decedent's children and because substitution of parties was not requested of the trial court, counsel cannot now be heard to complain that the trial court reached an improper conclusion as to the reasonableness of the delay in appointing a personal representative for Dohner's estate. Accordingly, we affirm the Order of the trial court.

Order affirmed.