WILLIAMSON, J.,
This matter comes before us on a motion for partial judgment on the pleadings filed by GEICO General Insurance Company (hereafter “defendant”) on February 18, 2015. Carmen DeHoyos (hereafter “plaintiff’) filed a response to defendant’s motion for partial judgment on the pleadings on March 9, 2015. Plaintiff filed a brief in opposition to defendant’s motion for partial judgment on the pleadings on March 26, 2015.
Background
Plaintiff filed the underlying complaint against defendant on October 16, 2014. Plaintiff then filed an amended complaint on December 8, 2014. On August 28, 2009, plaintiff was a passenger in a car being operated by Jose Hernandez which struck a car being operated by Jaise James (hereafter “tortfeasor”). Plaintiff alleges that the collision was due to the negligence of both Mr. Hernandez and Mr. James, not due to any negligence on the part of Ms. DeHoyos. Plaintiff alleges that, as a result of the accident, she has suffered serious impairment of bodily function, along with wage losses and other incidental monetary losses.
At the time of the accident, plaintiff was covered by a policy of automobile insurance issued by defendant. Plaintiff alleges that defendant has only paid $24,665 in medical benefits when, pursuant to the policy, plaintiff is entitled to $100,000 in first party medical benefits. Plaintiff also accuses the doctor hired by defendant of being a hired gun for defendant insurance companies. *360 Plaintiff has brought three claims against defendant: 1) breach of contract, 2) underinsured motorist benefits, and 3) bad faith liability.
In the claim against the tortfeasor, plaintiff obtained a verdict of $581,000, which the court molded to the high figure of the high-low agreement reached between plaintiff and the third party of $450,000. The available liability insurance policy limit of the third party is $500,000.
Argument
Defendant argues for partial judgment on the pleadings because the amount awarded to plaintiff after the settlement agreement is less than the available liability insurance policy limit of the third party, and thus there can be no claim for underinsured motorist benefits. Plaintiff argues that the actual award in determining whether there can be a claim for underinsured motorist benefits is the $581,000 awarded by the jury verdict.
After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings. Pa.R.C.P. No. 1034. The court shall enter such judgment or order as shall be proper on the pleadings. Id.
Judgment on the pleadings may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law, and in determining if there is a dispute as to facts, court must confine its consideration to the pleadings and relevant documents. Kosor v. Harleysville Mut. Ins. Co., 407 Pa. Super. 68, *361 595 A.2d 128 (1991). Judgment on the pleadings will be granted only where moving party’s right to succeed is certain and so free from doubt trial would be fruitless exercise. In re Estate of Blom, 434 Pa. Super. 111, 642 A.2d 498 (1994).
When an insured settles their claim against the tortfeasor’s liability carrier for less than policy limits, the underinsured motorist carrier is entitled to compute its payment to its injured insured as though the tortfeasor’s policy limits have been paid. D Adamo v. Erie Ins. Exch., 4 A.3d 1090, 1095 (2010). Under this view, the insured will not be allowed underinsured motorist benefits unless their damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident; and their underinsured motorist benefits insurer will, in any event, be allowed to credit the full amount of the tortfeasors’ liability coverage against the insured’s damages. Id. In this case, plaintiff’s insurance policy states that “the term ‘underinsured motor vehicle’ means a motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages.” Def s mot. for summ. j. ex. G. The policy goes on to state that defendant will only pay “damages for bodily injury caused by an accident which the insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle.” Id.
In Miller v. Ginsberg, the Superior Court of Pennsylvania held that a high/low agreement is considered a settlement contract and that “settlement agreements are regarded as contracts and must be considered pursuant to general rules *362 of contract interpretation.” Miller v. Ginsberg, 874 A.2d 93, 99 (2005). In that case, the jury returned with a verdict in excess of the ceiling of the high-low agreement. Id. The court stated, “As we would not have overturned the clear terms of the agreement had a lower verdict been returned, we will not now upset the clear and unambiguous terms of the settlement agreement now that a higher verdict has been returned.” Id. The amount of damages awarded in the verdict being higher than the ceiling of the high/low agreement in that case did not change the fact that it was a settlement agreement.
In Thompson v. T.J. Whipple Const. Co., the Superior Court of Pennsylvania set forth that, if there is a damage verdict of the ceiling or more, plaintiff receives the amount of the ceiling. Thompson v. T.J. Whipple Const. Co., 985 A.2d 221, 227-28 (2009). The court stated, “We believe such a result is most consistent with our view of high/low agreements and contract principles in this Commonwealth.” Id. at 227. In that case, one of the issues was whether delay damages could be awarded which exceeded the ceiling of the high/low agreement. The court held that the agreement constituted a settlement any delay damages would be added and become part of the verdict. Id. The court stated that, “the addition of delay damages would exceed the agreed-upon ceiling, and the dignity of the high/low agreement would be compromised.” Id. at 228.
There is no factual dispute here regarding whether or not the settlement agreement was for $450,000. There is also no factual dispute that the available liability policy *363 insurance limit of the third party with whom the settlement was reached is $500,000. Plaintiff admits that the high/low settlement agreement molds that jury verdict award to the ceiling of the agreement which was $450,000. Pi’s brief in opposition to def’s mot. for summ. j. at 4. Plaintiff only disputes that the actual award is the $581,000 awarded by the jury verdict, and not the figure molded by the settlement. Id.
Similar to Miller and Thompson, the jury awarded a verdict in this case which exceeded the ceiling of the high-low agreement. Plaintiff argues that the actual award is what the jury awarded plaintiff, and not what the settlement agreement molded the figure to. However, plaintiff cites no case law in any pleadings that supports this argument. High-low agreements are settlement agreements which place limits of a maximum and minimum when it comes to potential awards by the jury, and thus, their terms constitute valid and enforceable contracts. Thus, the $450,000 maximum in damages pursuant to the settlement agreement is the actual award and that fact has not been disputed by plaintiff in any pleadings. Since the $450,000 award in damages is less than the tortfeasor’s available liability coverage policy limit, there is no legal basis for a claim of underinsured motorist benefits.
Conclusion
Pennsylvania law and plaintiff’s insurance policy with defendant both state that there can be no claim for underinsured motorist benefits when the amount of damages plaintiff is legally entitled to recover does not *364 exceed the available liability insurance limits. Here, plaintiff is entitled to recover $450,000 from the tortfeasor and the tortfeasor’s available liability insurance policy limit is $500,000. These facts have not been disputed by plaintiff in any of the pleadings. Therefore, there is no genuine issue of material fact and partial judgment on the pleadings will be granted for plaintiff’s claim of underinsured motorist benefits against defendant. Since we are granting partial judgment on the pleadings on defendant’s primary argument, it is not necessary to discuss defendant’s secondary arguments at this time.
ORDER
And now, this 20th day of April, 2015, upon consideration of defendant’s motion for partial judgment on the pleadings, defendant’s motion for partial judgment on the pleadings as to plaintiffs claim for underinsured motorist benefits is granted. Plaintiff’s claim for underinsured benefits is dismissed.