658 A.2d 409

**PAINEWEBBER, INC., Appellant,**

v.

**Richard DEVIN and Todd Devin.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1995.

Filed May 10, 1995.

42

44

Francis W. Worthington, Clinton, NJ, for appellant.

Barbara L. Devenuto, Solebury, for appellees.

Before BECK, KELLY and HOFFMAN, JJ.

BECK, Judge:

The issue in this appeal is whether a subpoena duces tecum issued in aid of execution was properly quashed on the basis that the recipient of the subpoena, who was not a party to the original action, did not have any assets of the judgment debtor. We hold that it was error to quash the subpoena. Accordingly, we reverse.

In January 1993, Plaintiff-appellant PaineWebber, Inc. filed a complaint against defendant Richard Devin for breach of contract, unjust enrichment and conversion stemming from an overpayment received by Devin following a sale of stock. On

September 8, 1993, summary judgment was granted against Richard Devin in the amount of $18,800.

In attempting to execute on this judgment, PaineWebber garnished the contents of a safety deposit box, but the attachment was dissolved upon notification by the garnishee that the box was registered, not in the name of Richard Devin, but rather in the name of Todd Devin Food Equipment ("TDFE").

PaineWebber subsequently served upon Todd Devin, son of the original defendant and owner of TDFE, a subpoena duces tecum directing him to appear on December 23, 1993, to testify and to bring with him "any and all documents which refer or relate to ownership interests in Todd Devin Food Equipment, Inc., and any and all documents which refer or relate to any assets of Todd Devin Food Equipment, Inc. and/or Richard Devin." Todd Devin did not appear for the scheduled deposition, and no documents were produced. However, through counsel Todd Devin provided PaineWebber with an affidavit certifying: 1) that he is the sole owner of TDFE; 2) that Richard Devin is neither an owner nor an employee of TDFE, and; 3) that Richard Devin does not draw any funds from TDFE. PaineWebber accepted this affidavit and agreed to cancel the deposition.

On February 16, 1994, PaineWebber conducted a deposition of Richard Devin in an effort to discover assets. Richard Devin testified that he is an officer of TDFE and performs some services for TDFE, but that he receives no compensation for such services. He further testified that his living expenses are paid for by Todd Devin with the help of one other person.

Suspicious that Richard Devin was in fact receiving compensation for the services he performed for TDFE, PaineWebber served a subpoena duces tecum on Todd Devin, directing him to appear on April 20, 1994, to testify and to bring with him TDFE's corporate tax returns for tax years 1988 through 1992, or, in the alternative, authorizations allowing Paine-Webber to secure copies of those tax returns from the Internal Revenue Service. Todd Devin refused to produce the tax returns or authorizations and filed a motion to quash the

subpoena. The motion was granted on June 2, 1994, and this timely appeal followed.

In its opinion in support of the order quashing the subpoena, the court of common pleas, after reciting the above factual history, stated that the order was entered "on the basis that neither Todd Devin nor TDFE had any assets belong [sic] to the original defendant, Richard Devin." Appellant asserts that it was error to preclude discovery in aid of execution on the basis that the recipient of a discovery request was not known to possess assets of the defendant. We agree.

Discovery in aid of execution is permitted by Rule 3117 of the Rules of Civil Procedure. It provides, in pertinent part:

**Rule 3117. Discovery In Aid of Execution**

(a) Plaintiff at any time after judgment, before or after the issuance of a writ of execution, may, for the purpose of discovery of assets of the defendant, take the testimony of any person, including a defendant or a garnishee, upon oral examination or written interrogatories as provided by the rules relating to Depositions and Discovery. The prothonotary of the county in which judgment has been entered or of the county within this Commonwealth where the deposition is to be taken, shall issue a subpoena to testify.

Pa.R.C.P. 3117(a), 42 Pa.Cons.Stat.

Discovery in aid of execution under Rule 3117 should be distinguished from interrogatories served upon a garnishee under Rule 3144 of the Rules of Civil Procedure. Interrogatories to the garnishee under Rule 3144 are procedurally linked to the writ of attachment and are designed to ascertain the property in the possession of a known garnishee. *Helms v. Chandler*, 423 Pa. 77, 223 A.2d 30 (1966). They may be served only at the time of or after issuance of the writ and only upon a garnishee. Pa.R.C.P. 3144(a), Pa.Cons.Stat. In the context of the attachment proceeding, such interrogatories are analogous to a complaint, and require the garnishee to respond and assert any available defenses or suffer entry of a default judgment. Pa.R.C.P. 3145, 3146, Pa.Cons.Stat. Discovery under Rule 3117, in contrast, is "pure discovery," intended as

48

an ancillary aid in the discovery of assets. *Helms v. Chandler, supra,* 423 Pa. 77, 223 A.2d 30.

The language of Rule 3117 makes its broad application clear. Discovery under the rule may be pursued "at any time after judgment, before or after the issuance of a writ of execution." Discovery in aid of execution thus is not linked to a pending execution or attachment, but rather may be pursued even before issuance of a writ in order to locate assets subject to execution and obtain the information necessary to begin the process of execution or attachment. Moreover, Rule 3117 permits discovery requests to be directed to "any person, including a defendant or garnishee." Thus, in keeping with the "pure discovery" purposes of the rule, plaintiffs are not restricted to obtaining discovery from defendants or garnishees, but may seek discovery from any person who may have information regarding the location of assets of the judgment debtor.

The range of discovery tools available to plaintiffs under Rule 3117 is also broad. The rule explicitly permits plaintiffs to conduct discovery by oral examination or written interrogatories "as provided by the rules relating to Depositions and Discovery." Thus the mechanisms and procedures set out in Rules 4004 through 4006 (relating to written interrogatories) and in Rules 4007.1 through 4008 (relating to oral examinations) are available not only in preparation for trial, but also in aid of execution. Where testimony is to be taken by oral examination, Rule 4007.1(d) provides for production by the person to be examined of designated documents and other materials. If the person to be examined is a party, documents may be obtained through a request for production of documents in compliance with Rule 4009. If the person to be examined is not a party, the production of materials specified in the notice of deposition is obtained through issuance of a subpoena duces tecum. Pa.R.C.P. 4007.1(d), 42 Pa.Cons.Stat.[1]

1. The language of Rule 3117, providing that the prothonotary "shall issue a subpoena to testify," might appear at first reading to suggest that a subpoena duces tecum is not available in aid of execution. However, identical language was previously included in Rule 4018, now

Where documents or other materials have been produced at a deposition pursuant to these rules, the moving party is entitled to inspect and copy the documents produced, to require the producing witness to identify them, and to examine the producing witness about them. *Woods v. Dunlop, supra,* 461 Pa. 35, 334 A.2d 619.

 The scope of discovery under Rule 3117, defined by the rule's purpose of "discovery of assets of the defendant," is similarly broad. It is not, however, unlimited. Discovery in aid of execution may be restricted if the requested testimony or material is not relevant to the discovery of assets of the defendant. In addition, because Rule 3117 allows written interrogatories and depositions "as provided by the Rules regarding Depositions and Discovery," use of discovery mechanisms in aid of execution is subject to the provisions of Rule 4011 ("Limitation of Scope of Discovery and Deposition") [2] and Rule 4012 ("Protective orders").[3] *See Kine v. Forman,* 205

rescinded, which dealt with the availability of subpoenas to compel testimony at a deposition in preparation for trial. In that context, the Pennsylvania Supreme Court held that "[t]he authority to issue a subpoena ordering a witness to appear for a deposition includes the power to insert within the subpoena a duces tecum clause ordering the witness to produce papers, documents, or other evidence." *Woods v. Dunlop,* 461 Pa. 35, 334 A.2d 619 (1975). Because under Rule 3117 the general mechanisms and procedures regarding written interrogatories and oral depositions in preparation for trial are also applicable in conducting discovery in aid of execution, we can perceive no reason that the supreme court's holding in *Woods* regarding the subpoena power inherent in the phrase "subpoena to testify" should not apply equally in the context of discovery in aid of execution.

2. **Rule 4011. Limitation of Scope of Discovery and Deposition**
 No discovery or deposition shall be permitted which
 (a) is sought in bad faith;
 (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;
 (c) relates to matter which is privileged; or ...
 (e) would require the making of an unreasonable investigation by the deponent or any party or witness; ...
 Pa.R.C.P. 4011, 42 Pa.Cons.Stat.

3. **Rule 4012. Protective Orders**
 (a) Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following:

**50**

Pa.Super. 305, 209 A.2d 1 (1965). Moreover, a subpoena or subpoena duces tecum obtained in aid of execution is, like a subpoena issued for any other purpose, subject to the provisions of Rule 234.4 regarding relief from compliance with a subpoena.[4]

We review the order quashing the subpoena in this matter against the foregoing background and keeping in mind

(1) that the discovery or deposition shall be prohibited;
(2) that the discovery or deposition shall be only on specified terms and conditions, including a designation of the time and place;
(3) that the discovery or deposition shall be only by a method of discovery or deposition other than that selected by the party seeking discovery or deposition;
(4) that certain matters shall not be inquired into;
(5) that the scope of discovery or deposition shall be limited;
(6) that discovery or deposition shall be conducted with no one present except persons designated by the court;
(7) that a deposition shall be sealed and shall be opened only by order of the court;
(8) that the parties simultaneously shall file specified documents or information enclosed in sealed envelopes to be opened as directed by the court;
(9) that a trade secret or other confidential research, development or commercial information shall not be disclosed or be disclosed only in a designated way.
If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery.

(b) At any time during the taking of a deposition, on motion of any party or of the deponent the court may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (a). If the order made terminates the examination it shall be resumed thereafter only upon order of the court. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order and to obtain the court's ruling thereon.
Pa.R.C.P. 4012, 42 Pa.Cons.Stat.

**4. Rule 234.4 Subpoena. Notice to Attend. Notice to Produce. Relief from Compliance. Motion to Quash**

(a) The party serving a subpoena or a notice to attend or a notice to produce may excuse compliance therewith.

(b) A motion to quash a subpoena, notice to attend, or notice to produce may be filed by a party or by the person served. After hearing, the court may make an order to protect a party or witness from unreasonable annoyance, embarrassment, oppression, burden or expense.
Pa.R.C.P. 234.4, 42 Pa.Cons.Stat.

the appropriate standard of review. The Pennsylvania Supreme Court has stated that:

"[w]hether a subpoena shall be enforced rests in the judicial discretion of the court." *Pennsylvania Crime Commission v. Nacrelli,* 5 Pa.Commw. 551, 577 (1972). *Cf., Robert Hawthorne, Inc. v. County Investigating Grand Jury,* 488 Pa. 373, 412 A.2d 556 (1980) (discretion of grand jury supervising judge regarding enforcement of subpoena). We will not disturb a discretionary ruling of a lower court unless the record demonstrates an abuse of the court's discretion. So long as there is evidence which supports the lower court's decision, it will be affirmed. We may not substitute our judgment of the evidence for that of the lower court.

*In Re Semeraro,* 511 Pa. 584, 587, 515 A.2d 880, 882 (1986). The great deference given to the court's factual findings and factual conclusions based upon the evidence, however, is not accorded to its conclusions of law. "[T]he trial court's conclusions of law are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to the facts by the trial court." *Thatcher's Drug Store v. Consolidated Supermarkets, Inc.,* 535 Pa. 469, 477, 636 A.2d 156, 160 (1994).

In the case before us, the trial court found that "Todd Devin certified his sole ownership of TDFE through his counsel," and that "[t]hereafter, Plaintiff again served Todd Devin and TDFE with a subpoena duces tecum seeking additional documents from Todd Devin and TDFE." Trial Court Opinion. Based on these findings, the court made the factual conclusion that "neither Todd Devin nor TDFE had any assets belong [sic] to the original defendant, Richard Devin." *Id.* Upon review of the record, we find that this factual conclusion is not supported by the evidence or the court's factual findings. The certification of ownership made by Todd Devin states only that Richard Devin is not an owner or employee of TDFE and that Richard Devin does not draw any funds from TDFE. It does not negate the possibility that either Todd

Devin or TDFE might possess assets belonging to Richard Devin.

 Moreover, even if we were to uphold the court's conclusion that neither Todd Devin nor TDFE possessed assets of Richard Devin, we would be forced to conclude that the court misapplied the law governing discovery in aid of execution in determining that the subpoena duces tecum should be quashed. Clearly, it would defeat the purpose of Rule 3117 "to discover assets of the defendant" if discovery under the rule could be directed only to persons already known to possess assets of the defendant. Further, the "pure discovery" intent of Rule 3117 is sufficiently broad to allow discovery even of persons known *not* to possess assets of the defendant where such discovery could provide information which would be relevant to the plaintiff's efforts to locate assets.

 In opposing the motion to quash the subpoena, Paine-Webber asserted that prior discovery provided by Richard Devin had given rise to questions as to whether Devin was receiving compensation from TDFE. Specifically, Paine-Webber asserted that Richard Devin's testimony that he serves as an officer and performs services for TDFE without compensation, but that his living expenses are paid by Todd Devin, gave PaineWebber the belief that payment of Richard Devin's living expenses may in fact be compensation for services performed for TDFE. PaineWebber seeks review of TDFE's tax returns to see whether the corporation has taken deductions that could confirm or deny this belief. We find that, as a matter of law, this assertion establishes a sufficient nexus between the discovery sought and the purpose of discovering assets of the defendant to support the subpoena duces tecum. The trial court thus abused its discretion in granting the motion to quash on the basis stated in its opinion.

 Appellee urges us to hold that, even if the trial court stated an improper basis for quashing the subpoena, the subpoena should have been quashed because it sought discovery in bad faith and would cause unreasonable annoyance,

burden and harassment. Although we may uphold a decision
of a lower court if it can be sustained for any reason, even if
the court offered an erroneous reason in support of its action,
*Commonwealth v. Reidenbaugh,* 282 Pa.Super. 300, 422 A.2d
1126 (1980), we cannot find adequate support in this record for
the conclusion that the subpoena should have been quashed on
the grounds advanced by appellee.

 Appellee asserts that PaineWebber's discovery re-
quest is burdensome, harassing and made in bad faith because
the information which PaineWebber seeks to glean from the
TDFE corporate tax returns has already been made available
through prior discovery responses, in particular the affidavit
of ownership furnished by Todd Devin and personal tax
returns allegedly furnished by Richard Devin. We cannot
agree. Nothing in the record bears out appellee's assertion
that Richard Devin has already provided PaineWebber with
his personal tax returns for the years in question. According-
ly, we need not address appellee's arguments premised upon
the delivery of such tax returns because "[f]or purposes of
appellate review, what is not of record does not exist." *Frank
v. Frank,* 402 Pa.Super. 458, 463 n. 5, 587 A.2d 340, 342 n. 5
(1991) (citing *Ritter v. Ritter,* 359 Pa.Super. 12, 518 A.2d 319
(1986); *General Accident Fire & Life Assurance Corp., Ltd. v.
Flamini,* 299 Pa.Super. 312, 445 A.2d 770 (1982); *Dile v. Dile,*
284 Pa.Super. 459, 426 A.2d 137 (1981)). Further, the affidavit
furnished by Todd Devin does not provide the information now
sought by PaineWebber, for it merely certifies that Richard
Devin does not have an ownership interest in TDFE, is not an
employee of TDFE, and does not "draw funds" from TDFE.
These certifications do not negate the possibility that Richard
Devin receives compensation in kind from the corporation
through some relationship other than ownership of or employ-
ment by the corporation.

 Moreover, even if appellee's assertions regarding
prior discovery requests are accurate, we cannot conclude that
PaineWebber should automatically be precluded from again
seeking testimony and documents from TDFE. To block

further discovery, appellee must show that the discovery is sought in bad faith or would create unreasonable annoyance, embarrassment, oppression, burden or expense. The trial court made no such finding in this case, and no evidence of record supports such a finding. To the contrary, the record indicates that Todd Devin refused to attend a previously scheduled deposition or furnish requested documents, that his affidavit was accepted in light of this lack of cooperation, and that information subsequently discovered raised additional questions not explicitly addressed in the affidavit. In light of these facts, we cannot conclude that PaineWebber's subpoena was issued in bad faith or that answering it would cause unreasonable annoyance, embarrassment, oppression, burden or expense to Todd Devin or TDFE.

Accordingly, we hold that appellee was not entitled to relief from the subpoena duces tecum in aid of execution properly obtained by PaineWebber. In the absence of facts supporting a finding that the subpoena was obtained in bad faith or that it would cause unreasonable annoyance, embarrassment, oppression, burden or expense, it was error for the trial court to grant appellee's motion to quash the subpoena.

Order reversed. Case remanded for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.