**In re ESTATE OF Thomas KLINK.**

**Appeal of Deana Schobert.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1999.
Filed Dec. 14, 1999.

Richard E. Bower, Asst. Dist. Atty., Connellsville, for appellant.

Cynthia M. Danel, Pittsburgh, for appellee.

Before POPOVICH, JOYCE and BROSKY, JJ.

BROSKY, J.

¶ 1 Deana Schobert appeals from the order of the Orphans' Court denying her petition to remove Betty Lou Klink as the administratrix of the Estate of Thomas Klink. We affirm.

¶ 2 The relevant facts are not in dispute. The decedent, Thomas Klink, was twenty-eight years of age when he was struck and killed by a motor vehicle as he walked along a highway. The accident occurred on November 22, 1998. An autopsy revealed the decedent's blood alcohol level at the time of his death to be extremely high, at 0.403%. The decedent was survived by one son, then seven years of age, as well as his parents, Donald and Betty Lou Klink. Appellant, Deana Schobert, is the natural mother of the decedent's son. Although she and the decedent resided together for a number of years, the two were never married, and their relationship had ended prior to Thomas Klink's death. The decedent left no will, and the only assets of the estate are claims against the establishments he patronized on the night of his death, as well as against the motorist who struck him.

¶ 3 On January 25, 1999, Appellant presented a petition for the grant of letters of administration to the Register of Wills of Fayette County. The Register did not grant her petition, based on an unwritten office policy that letters not issue to the parent of a minor child who had never married the decedent; the office favors the grant of letters to a decedent's parent or other blood relative. (R. 51a–55a.[1])

¶ 4 Two days later, on January 27, 1999, Appellee presented her own petition for grant of letters of administration of her son's estate, which the Register of Wills granted that same date. Appellant then filed a petition to appeal the decision of the Register of Wills. On February 25, 1999 the Orphans' Court issued a citation and scheduled a hearing on the matter, which was held on March 15, 1999 and included testimony by Appellant, Appellee, and the Register of Wills. The Orphans' Court entered an order April 29, 1999, denying the relief requested by Appellant, and directing that Appellee remain as administratrix of the estate, and a timely appeal followed.

¶ 5 There is also no dispute that Appellant and Appellee are equally qualified as "persons entitled" to letters of administration under the Decedents, Estates and Fiduciaries Code, 20 Pa.C.S. §§ 101 *et seq.*, as they are both members of the same classification, "other fit persons." 20 Pa.C.S. § 3155(b). Thus neither has any automatic priority or preference over the other as the proper person to administer the estate. In the usual circumstance the Register of Wills has the discretion to appoint an administrator from within the class of persons eligible for that appointment. *Estate of Dilbon*, 456 Pa.Super. 490, 690 A.2d 1216 (1997).

¶ 6 Appellant correctly phrases the issue to be decided as whether the Orphans' Court erred in its determination that Appellee should remain administratrix, although her argument focuses on the discretion of the Register of Wills. Appellee's argument likewise concentrates on whether the Register abused his discretion. Had the Orphans' Court not taken any evidence, we would agree that our review would be limited to a determination of whether the Register abused his discretion in the issuance of letters. *See In Re Dodge*, 361 Pa.Super. 188, 522 A.2d 77 (1987). However, that is not the situation presently before us. Because the Orphans' Court made findings following a hearing and review of the record, those findings on appeal must be accorded the same weight and effect as would a jury verdict. *Dilbon, supra.*

¶ 7 This court previously conducted a thorough review of the applicable statutes

---

1. We note that Appellee has also filed a Reproduced Record with virtually the same contents as that filed by Appellant, and is similarly paginated. For clarity and convenience we refer only to Appellant's Reproduced Record.

relevant to the procedures for issuance of letters of administration in *Estate of Osborne*, 363 Pa.Super. 200, 525 A.2d 788 (1987). We recognized that the selection of the person who is initially granted letters of administration is normally within the province of the Register. 20 Pa.C.S. §§ 711(12) and 901. Where the Register's choice is disputed, that decision may be appealed to the Orphans' Court. 20 Pa. C.S. § 908(1); *Brokans v. Melnick*, 391 Pa.Super. 21, 569 A.2d 1373 (1989). We held in *Osborne* that, "upon finding that the Register abused its discretion in choosing an administrator, the Orphans' Court may determine the proper individual to act as administrator, and direct the Register to issue letters of administration to that individual." 525 A.2d at 789.

¶ 8 In the instant case, the Orphans' Court concluded that the Register did not abuse his discretion in granting letters to Appellee. We believe this conclusion was erroneous. The Register conceded that the decision not to grant letters to Appellant was based solely on her status as an unmarried parent of the decedent's minor child. No consideration was given to her fitness and abilities to act as administratrix. The arbitrary decision not to grant letters to Appellant plainly constitutes an abuse of the Register's discretion. That conclusion does not end our inquiry, however. Even where an error has been committed by the *Register of Wills* in appointing an administrator, our review is whether the trial court, having taken evidence, committed an error of law or abused its discretion. *Dilbon, supra.*

¶ 9 The basis for the Orphans' Court's determination that Appellee is the proper person to serve as administratrix was that court's own evaluation of the testimony. In its opinion, the court stated, "[Appellee] is the mother of decedent and the grandmother of the only heir. This consanguineous relationship makes respondent the preferable choice as administratrix." Opinion of April 29, 1999 at 3. We agree that Appellee is a proper person to act as administratrix, particularly in light of Appellant's testimony that her relationship with the decedent had ended prior to his death. Moreover, the Orphans' Court recognized that Appellant could attempt to reassert a common law marriage with the decedent, in which case her interest would be adverse to that of her son. Appellee, who does not have any claim against the estate, may better serve in a fiduciary capacity. *Dodge, supra.*

¶ 10 This court may uphold the decision of a lower court if it can be sustained for any reason, even if the reasons given by the lower court to support its decision are erroneous. *Dilbon, supra*; *PaineWebber, Inc. v. Devin*, 442 Pa.Super. 40, 658 A.2d 409 (1995). We conclude that although the Orphans' Court erred when it found no abuse of discretion by the Register, its own determination, following a hearing, of the proper individual to act as administrator was an appropriate exercise of its authority. Thus we find no error of law or abuse of discretion by the Orphans' Court, and its order must therefore be affirmed.

¶ 11 Order affirmed.