J-A23011-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| IN RE: ESTATE OF WADE WALTER STANLEY, JR., DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JILL SPRIGGS | No. 834 WDA 2013 |

Appeal from the Order May 7, 2013,
Court of Common Pleas, Washington County,
Orphans' Court at No. 63-11-0592

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED SEPTEMBER 19, 2014**

Jill Spriggs ("Spriggs") appeals from the order entered on May 7, 2013 by the Court of Common Pleas of Washington County, Orphans' Court Division, removing Spriggs as the administratrix of the estate of Wade Walter Stanley, Jr. ("the Decedent"), appointing Marci Stanley ("Marci") and Jeffrey Wade Stanley ("Jeffrey") as co-administrators of the estate, and ordering Spriggs to turn all estate assets and documentation over to Marci and Jeffrey.  We affirm.

The relevant facts and procedural history in this case are as follows. On March 3, 2011, the Decedent, who was unmarried at the time, died intestate.  At the time of his death, the Decedent was survived by his sister, Spriggs, and brother, Jack D. Stanley ("Jack").  The Decedent was also survived by his two grandchildren, Marci and Jeffrey.  Marci and Jeffrey are the children of the Decedent's late son, Wade Walter Stanley, III ("Wade III"), who died on October 2, 2008 in Arizona.

On May 3, 2011, Spriggs applied for a grant of letters of administration for the Decedent's estate with the Register of Wills of Washington County. In her petition, Spriggs listed only herself and Jack as the Decedent's heirs, even though she was aware that the Decedent had two surviving grandchildren, Marci and Jeffrey, who were living in Florida. Included with this petition was a document executed by Jack renouncing any right to administer the Decedent's estate and disclaiming any interest in that estate. That same day, the Register of Wills granted the letters of administration to Spriggs. Spriggs proceeded to transfer property from the Decedent's estate into her and her husband's name, signed a gas lease for that property with Range Resources in which she received an upfront payment of $39,000, and deposited that money into a personal bank account.

On February 16, 2012, after receiving notice of their grandfather's death from another relative, Marci and Jeffrey filed a petition to revoke Spriggs' letters of administration. On July 23, 2012, the trial court, *sua sponte*, decided that the petition to revoke was a matter for the Register of Wills to decide. The trial court also directed the Register of Wills to determine whether venue was proper in Washington County, as the record indicated that the Decedent was a resident of Somerset County. On October 15, 2012, the parties consented to venue in Washington County.

On December 5, 2012, the Register of Wills held a hearing to determine whether it would remove Spriggs as the administratrix of the

Decedent's estate. On December 18, 2012, the Register of Wills removed Spriggs as administratrix of the Decedent's estate and granted letters of administration to Marci and Jeffrey, finding them to be the grandchildren and sole heirs of the Decedent.

On December 27, 2012, Spriggs appealed the decision of the Register of Wills to the orphans' court. The orphans' court conducted a *de novo* review of the Register of Wills' decision. On May 7, 2013, following hearings on April 17, 2013 and May 3, 2013, the orphans' court found that sufficient grounds existed to remove Spriggs as administratrix of the Decedent's estate and to grant letters of administration to Marci and Jeffrey.

On May 15, 2013, Spriggs filed a notice of appeal. On August 16, 2013, the trial court ordered Spriggs to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On August 29, 2013, Spriggs timely filed her Rule 1925(b) statement.

On appeal, Spriggs raises the following issues for our review:

A. Did the [o]rphans' [c]ourt err in admitting new evidence when reviewing the grant of [l]etters of [a]dministration by the Register of Wills?

B. Did the [o]rphans' [c]ourt err in relying upon an Arizona death certificate as proof of lineage?

C. Did the [o]rphans' [c]ourt err in affirming the grant of [l]etters of [a]dministration by the Register of Wills where [Marci and Jeffrey]

> failed to meet their burden of proof that they are [the] grandchildren and heirs of [the Decedent]?

Spriggs' Brief at 4.

We begin by acknowledging our standard of review of an orphans' court decision:

> Our standard of review of an orphans' court's decision is deferential. When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused.

*In re Estate of Zeevering*, 78 A.3d 1106, 1108 (Pa. Super. 2013) (internal quotations and citations omitted), *appeal denied*, 94 A.3d 1010 (Pa. 2014).

In her first issue on appeal, Spriggs claims that the orphans' court erred by admitting new evidence in its *de novo* review of the Register of Wills' decision to remove her as the administratrix of the Decedent's estate. Spriggs' Brief at 13. Specifically, Spriggs argues that the orphans' court

should not have admitted evidence of Wade III's birth certificate because it was not part of the certified record created while the case was before the Register of Wills. *Id.* Spriggs contends that an orphans' court's review of a Register of Wills' decision to grant or revoke letters of administration is limited to a review of the discretion exercised by the Register of Wills. *Id.* at 14. Spriggs further asserts that, in such case, the orphans' court may not supplement the certified record through the submission of new testamentary or written evidence. *Id.*

Section 776 of the Probate, Estates, and Fiduciaries Code states the following:

> On appeal from the register, or in a proceeding removed from the register, the orphans' court division may find, upon the testimony taken before the register, that a substantial dispute of fact exists and grant a jury trial. ***When upon the testimony taken before the register a jury trial is not granted, the division shall hear the testimony de novo unless all parties appearing in the proceeding agree that the case be heard on the testimony taken before the register***. In any event, the division may require witnesses already examined and other witnesses to appear before it.

20 Pa.C.S.A. § 776 (emphasis added). Consistent with the statutory mandate, this Court has held that "the hearing on appeal to the [o]rphan[s'] court from a decision of the Register of Wills is *de novo*, unless the parties appearing in the proceeding have agreed otherwise." ***In re Estate of Luongo***, 823 A.2d 942, 960 (Pa. Super. 2003). Our Court explained that

"[a] hearing *de novo ...* means that the orphans' court shall not arrive at a decision on the basis of the testimony offered before the register, but shall hear afresh all evidence that either party shall desire to present[.]" ***Id.*** (quoting ***In re Estate of Szmahl***, 6 A.2d 267, 269 (Pa. 1939), *abrogated on other grounds*, ***In re Loudenslager's Estate***, 240 A.2d 477 (Pa. 1968)). Only where the orphans' court does not receive additional evidence in proceedings on appeal from the Register of Wills' action is judicial review "confined to a determination of whether the Register abused his or her discretion in the issuance of letters to an administrator." ***See In re Estate of Dodge***, 522 A.2d 77, 78 (Pa. Super. 1987); ***see also In re Estate of Tigue***, 926 A.2d 453, 456 (Pa. Super. 2007) (holding that "if the orphans' court did not take evidence, then our appellate review is limited to determining if the register abused its discretion"); ***In re Estate of Klink***, 743 A.2d 482, 484 (Pa. Super. 1999) ("Had the [o]rphans' [c]ourt not taken any evidence, we would agree that our review would be limited to a determination of whether the Register abused his discretion in the issuance of letters.").

Based on the foregoing statutory authority and case law, we conclude that the orphans' court did not err in admitting new evidence on appeal from the decision of the Register of Wills. In this case, there is no indication in the certified record on appeal that the parties agreed that the orphans' court would hear the case solely on the testimony taken and evidence admitted

before the Register of Wills. Likewise, Spriggs' appellate brief raises no such contention. *See* Spriggs' Brief at 13-15. Therefore, because there was no agreement between the parties to have the orphans' court hear the case only on the testimony taken and evidence admitted before the Register of Wills, the orphans' court properly conducted a *de novo* review of this case in which it permitted the parties to introduce new evidence. *See* 20 Pa.C.S.A. § 776.

In her second issue on appeal, Spriggs claims that the orphans' court erred by relying on Wade III's Arizona death certificate as proof that he was the son of the Decedent and consequently that the Decedent was the grandfather of Marci and Jeffrey. Spriggs' Brief at 16. First, Spriggs argues that Wade III's Arizona death certificate is inadmissible hearsay not subject to any exception because the information provided in the death certificate is untrustworthy. *Id.* at 16-19. Second, because Spriggs believes the information in Wade III's Arizona death certificate is untrustworthy, Spriggs contends that the orphans' court could not have admitted the death certificate as an official record under 42 Pa.C.S.A § 6104(b).[1] *Id.* at 19-23.

---

[1] Section 6104(b) provides:

> **(b) Existence of facts.--**A copy of a record authenticated as provided in section 6103 disclosing the existence or nonexistence of facts which have been recorded pursuant to an official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or

Third, Spriggs asserts that the orphans' court's admission of Wade III's Arizona death certificate violated the best evidence rule because Wade III's birth certificate should have been available to Marci and Jeffrey to prove that Wade III was the Decedent's son. *Id.* at 23-25.

We conclude that Spriggs has waived the second issue that she raises on appeal for failing to timely object to the admission of Wade III's Arizona death certificate. Regarding the preservation of issues for appeal, our Court has frequently held the following:

> In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal[,] the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction ... one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*In re S.C.B.*, 990 A.2d 762, 767 (Pa. Super. 2010) (quoting *Thompson v. Thompson*, 963 A.2d 474, 475–76 (Pa. Super. 2008)).

---

> nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

42 Pa.C.S.A. § 6104(b).

- 8 -

The transcripts from the orphans' court's *de novo* proceedings in this

matter reflect the following:

| | |
|---|---|
| Mr. Vreeland: | Exhibit 11 is the death certificate for [Wade III] from the State of Arizona. |
| Mr. Coster: | Which would have been -- are we in agreement Exhibit 13 is indeed the Arizona death certificate? |
| Mr. Vreeland: | It says a copy of the original death certificate of [Wade III]. The informant on this form is [Jeffrey]. |
| Mr. Coster: | So then I stipulate to Exhibit No. 13, Your Honor. |
| The Court: | Which is Exhibit 11 for this purpose. |

N.T., 4/17/13, at 81-82. Although Spriggs stipulated to the admission of

Wade III's Arizona death certificate at the April 17, 2013 hearing, she

subsequently attempted to object to the admission of the document when

the hearing on this matter resumed on May 3, 2013. N.T., 5/3/13, at 3-8.

Nevertheless, the certified record reflects that not only did Spriggs fail to

timely object to the admission of Wade III's Arizona death certificate when

the orphans' court admitted it into evidence, but she also stipulated to the

admission of the death certificate. **See** N.T., 4/17/13, at 81-82. Spriggs'

later attempt to raise an objection to the admission of the death certificate

did not cure her failure to timely object. Thus, Spriggs did not object to the

orphans' court's alleged error at the earliest possible stage of the

adjudicatory process. *See In re S.C.B.*, 990 A.2d at 767. As a result, this Court will not consider a claim that an appellant did not call to the orphans' court's attention at a time when any alleged error committed could have been corrected. *See id.* Accordingly, Spriggs has waived her right to contest the admission of Wade III's Arizona death certificate on appeal.

The third issue that Spriggs raises on appeal is that the orphans' court erred by affirming the Register of Wills' grant of letters of administration to Jeffrey and Marci because they failed to meet their burden of proof that they are the grandchildren of the Decedent and that they had standing to pursue their right to the Decedent's estate. Spriggs' Brief at 26-36. Spriggs maintains that Marci and Jeffrey failed to present sufficient proof, other than testimony based upon memory and family traditions, that Wade III was the Decedent's son and that Marci and Jeffrey are the Decedent's grandchildren. *Id.* at 28.

The Pennsylvania Supreme Court has held that "[t]he burden of proving heirship rests with the claimant." *In re Kasula's Estate*, 318 A.2d 338, 340 (Pa. 1974) (citations omitted). The standard of proof necessary to sustain this burden requires that "the evidence must be so [c]lear, precise, and definite in quality and quantity as to satisfy the court below that the relationship claimed existed." *Id.* (quotations omitted).

Our review of the record demonstrates that there is substantial evidence supporting the orphans' court's finding that Marci and Jeffrey are

the grandchildren and sole heirs of the Decedent. At the outset of the *de novo* hearing, Spriggs stated that she did not dispute that the Decedent had a son, Wade III, who pre-deceased the Decedent. N.T., 4/17/13, at 3. The certified record reflects that Spriggs knew Wade III to be the Decedent's son and that she maintained a relationship with him. ***See id.*** at 31. The orphans' court also admitted Wade III's birth certificate, which shows him to be the Decedent's son, into evidence. N.T., 5/3/13, at 43-45.

Rather, in her testimony before the orphans' court, Spriggs acknowledged that she was only disputing whether Marci and Jeffrey are indeed the grandchildren of the Decedent. ***Id.*** at 3-4. However, the orphans' court admitted Marci's and Jeffrey's birth certificates, which show them to be Wade III's children, into evidence without objection by Spriggs. ***Id.*** at 81-82. Moreover, throughout the *de novo* proceedings, Spriggs admitted countless times that Marci and Jeffrey are the grandchildren of the Decedent. For example, Spriggs testified that she told her attorney when he helped her apply for letters of administration for the Decedent's estate that the Decedent had two living grandchildren, Marci and Jeffrey. ***Id.*** at 65. Likewise, Spriggs admitted in her testimony that there was no question that the Decedent had a son, Wade III, who had two children, Marci and Jeffrey, who are the Decedent's grandchildren. ***Id.*** at 72. Spriggs also identified Marci and Jeffrey in family photographs as Wade III's children and the Decedent's grandchildren. ***See id.*** at 19-21.

Therefore, the certified record reflects that there is substantial evidence proving that Marci and Jeffrey are the grandchildren and heirs of the decedent. Wade III's birth certificate reveals that he was the decedent's son and Marci's and Jeffrey's birth certificates show that they are Wade III's children. Thus, there is irrefutable proof in this case that Marci and Jeffrey are the Decedent's grandchildren and heirs. Even if Spriggs was correct in the first two issues that she raised on appeal, that the court should not have admitted Wade III's birth certificate and death certificate into evidence, there is still ample evidence, through Spriggs' own admissions, demonstrating that Marci and Jeffrey are the Decedent's grandchildren and sole heirs. Accordingly, the trial court did not err in finding that Marci and Jeffrey met their burden of proving that they are the grandchildren and sole heirs of the Decedent.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2014