J-A14020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF JOHN J. LYNN, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DONNA LYNN ROBERTS | No. 1413 MDA 2015 |

Appeal from the Order Entered July 17, 2015
In the Court of Common Pleas of Luzerne County
Orphans' Court at No(s): 4014 of 0098

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED JULY 28, 2016**

Donna Lynn Roberts brings this appeal from the order entered July 17, 2015, in the Court of Common Pleas of Luzerne County, holding that "good cause" existed for the appointment of Michael J. Hudacek, Jr., Esquire as Administrator of the Estate of John Lynn, Deceased, and ordering Hudacek to remain as Administrator of the Estate of John Lynn until its conclusion. Roberts, who is the daughter of John Lynn (the Decedent), contends the orphans' court erred in (1) "failing to reverse the Register of Wills['] improper refusal to first consider and grant Letters of Administration to [Roberts]," and (2) "determining that good cause existed for the

_____

[*] Retired Senior Judge assigned to the Superior Court.

appointment of Michael J. Hudacek, Jr., Esquire as Administrator of the Estate of John J. Lynn, Deceased." Roberts Brief at 5.

In addition, Roberts raises a third issue, in which she contends the orphans' court erred in determining the writing dated August 30, 2007 that she tendered to the Register of Wills as the will of the Decedent was not a valid will. Initially, we note that the July 17, 2015, order under appeal only concerns the appointment of Michael Hudacek, Jr., Esquire, as Administrator of the estate of the Decedent. As will be more fully discussed, the issue of whether the writing of August 30, 2007 was a valid will was the subject of the orphans' court's opinion/order of June 11, 2015. Based upon the following, we affirm.

The orphans' court aptly summarized the background of this case, as follows:

> The Decedent, John J. Lynn, died on January 16, 2014. The Decedent was predeceased by his wife, Rose Marie Lynn, who died on May 27, 2010. He was also predeceased by a son, John Lynn, who died on December 19, 2013, unmarried. The Decedent is survived by three (3) natural daughters, namely, Donna Lynn Roberts, Debra A. Wilmarth and Karen E. Honabach.
>
> Immediately following his death, the daughter of the Decedent, Debra A. Wilmarth petitioned the Register of Wills of Luzerne County to be appointed as Administratrix [of] her father's Estate. Immediately thereafter, Donna Lynn Roberts, daughter of the Decedent, appeared at the Register of Wills Office to seek probate of a writing purported to be a Will of the Decedent, John J. Lynn, dated August 30, 2007. She also sought by Petition to be appointed Administratrix of her father's Estate.

Following a hearing by the Register of Wills on the Petition for Grant of Letters of Debra A. Wilmarth, held on April 28, 2014, the Register of Wills issued the following:

"ORDER"

"And now, this 8th day of May, 2014, following a hearing on Deborah Wilmarth's Petition for Citation to show cause why Petitioner should not be appointed to Administrator of the Estate of John J. Lynn, deceased, the Petition is hereby DENIED.

Michael J. Hudacek, Jr., Esquire is hereby appointed Administrator of the Estate of John J. Lynn, deceased, and shall be compensated at an hourly rate of $150.00 paid from the Estate of John J. Lynn."

Orphans' Court Pa.R.A.P. 1925(a) Opinion, 11/6/2015, at 1–2.

After the Register of Wills' decision to appoint Michael Hudacek, Jr., Esquire, and to deny probate of the writing tendered by Roberts as the will of the Decedent, Roberts filed an appeal to the orphans' court to permit probate of the writing dated August 30, 2007, and/or to permit issuance of letters of administration to her. *See* 20 Pa.C.S. § 908. On January 29, 2015, the orphans' court heard the testimony of five witnesses, namely, Donna Lynn Roberts, Notary Public Richard Burick, Pauline Panatieri, friend of the Decedent's wife and Roberts, on behalf of Roberts; and Roberts' sister, Karen Honabach, and Honabach's daughter, Jessica Lindgren.

On June 11, 2015, the orphans' court issued an opinion/order, stating "[t]here does not exist a record from the hearing held before the Register of Wills," and therefore the court was "unable to determine the reasoning of the Register of Wills' decision not to appoint [one or more] of the daughters

- 3 -

of the Decedent to serve as Adminstratrix of the Estate." Orphans' Court Opinion/Order, 6/11/2015, at 7. The orphans' court directed "that issue is remanded to the Register of Wills to make a determination supported by findings of facts. In its findings of fact, the Register of Wills shall set forth the good cause that existed to warrant the appointment of Michael J. Hudacek, Jr., Esquire." *Id.* at 7.

On July 7, 2015, the Register of Wills filed Findings of Fact and Conclusions of Law in support of its appointment of Muchael Hudacek, Jr., Esquire as Administrator of the Decedent's estate, as ordered by the orphans' court. The Register of Wills' found, *inter alia*, that two of the Decedent's daughters, Wilmarth and Roberts, objected to the appointment of the other as adminstratrix of the Estate; that neither Wilmarth nor Roberts agreed to serve as co-administratices; that the Decedent's daughter, Karen E. Honabach, did not wish to serve as administratrix; and there was "extreme hostility" between Wilmarth and Roberts. *See* Register of Wills' Findings of Fact and Conclusions of Law, 7/7/2015, at 2 (Findings of Fact Nos. 9–12). The Register of Wills concluded: "Due to the extreme level of conflict between Debra Wilmarth and Donna Lynn Roberts and their unwillingness to serve as Co-Administratrices, good cause exists to deviate from the order listed and appoint another fit person." *Id.* (Conclusion of Law, No. 17). The Register of Wills determined that "Michael Hudacek, Jr.,

Esquire, is unquestionably fit to serve as Administrator of this Estate." *Id.*

(Conclusion of Law, No. 18).

On July 17, 2015, by order, the orphans' court adopted and incorporated these Findings of Fact and Conclusions of Law, stating:

> AND NOW, this 17th day of July, 2015, upon review of the Findings of Fact and Conclusions of Law filed by the Register of Wills of Luzerne County on July 7, 2015, it is hereby ORDERED, ADJUDGED and DECREED as follows:
>
> 1. The Findings of Fact and Conclusions of Law are adopted by the Court and incorporated herein by reference.
>
> 2. Good cause existed for the appointment of Michael J. Hudacek, Jr., Esquire as Administrator of the Estate of John Lynn as set forth in the Findings of Fact and Conclusions of Law.
>
> 3. The appeal seeking to remove Michael J. Hudacek, Jr., Esquire as Administrator of the Estate of John Lynn is DENIED.
>
> 4. Michael J. Hudacek, Jr., Esquire shall remain as Administrator of the Estate of John Lynn until its conclusion.

Order, July 17, 2015. This appeal followed.[1]

Roberts lists three questions for this Court's review:

Whether the lower court committed plain error and/or abused its discretion by failing to reverse the Register of Wills['] improper refusal to first consider and grant Letters of Administration to [Roberts], before issuing letters to Michael J. Hudacek, Jr., Esquire?

Whether the lower court committed plain error and/or abused its discretion in its Court Order dated July 17, 2015, by determining that good cause existed for the appointment of Michael J.

---

[1] Roberts complied with the orphans' court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Hudacek, Jr., Esquire as Administrator of the Estate of John J. Lynn, Deceased, and denying the removal of Michael J. Hudacek, Jr., Esquire as Administrator and refusing to replace him with the Decedent's natural daughter, [Roberts]?

Whether the lower court committed plain error and/or abused its discretion in its Court Order dated June 11, 2015, by its determination that the writing dated August 30, 2007 was not a Will because it lacked testamentary intent, lacked a positive disposition of property and because it is unclear as to whether or not the signature on the document is that of the Decedent?

Roberts' Brief, at 5–6.

Roberts' first two issues concern Roberts' petition for letters of administration and the appointment of Michael Hudacek, Jr., Esquire, as administrator of the estate of the Decedent. We address these issues together.

Section 3155 of the Probate, Estates and Fiduciary (PEF) Code prioritizes the various parties or classes entitled to a right of administration. Section 3155 provides:

(b) *Letters of administration.* — Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, **except for good cause**, in the following order:

(1) Those entitled to the residuary estate under the will.

(2) The surviving spouse.

**(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.**

(4) The principal creditors of the decedent at the time of his death.

*(5) Other fit persons.*

(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding paragraph.

20 Pa.C.S. § 3155(b)(1)–(6) (emphasis added).

Roberts claims under Section 3155(b)(3),[2] she would be a proper, entitled party to be named administratrix of the Decedent's estate, and that the Register of Wills improperly refused to consider her petition before granting letters of administration to Michael J. Hudacek, Jr., Esquire. Roberts argues that in the Register of Wills' denial of her sister, Debra Wilmarth's, petition for grant of letters and in the appointment of Michael J. Hudacek, Jr., Esquire, "no 'good cause' is cited for the appointment, nor any explanation given for the Register of Wills' refusal to consider the petition for letters of Donna Lynn Roberts." Roberts' Brief at 17–18. Roberts argues that "[t]his amounted to a procedural default by the Register of Wills in

---

[2] Roberts' claim she falls under Section 3155(b)(3) is based upon 20 Pa.C.S. § 2103, governing "Share of other than surviving spouse," which states:

The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall pass in the following order:

**(1) *Issue.* —** To the issue of the decedent.

20 Pa.C.S. § 2103(1).

ignoring section 3155(b)" and she was "clearly prejudiced by the improper actions of the Register of Wills. *Id.* at 18. Roberts concludes:

> In the instant case, the Register of Wills had a duty to accept [Roberts'] petition for Letters and committed an abuse of discretion and an error of law in refusing to act on the petition for Letters of Administration that she tendered to the Register on three (3) separate occasions, and instead appointing Attorney Hudacek, without notice to the Estate's heirs. Therefore, the Orphans' Court was required to sustain the appeal of [Roberts], vacate the [L]etters granted to Attorney Hudacek, and direct the [R]egister to grant [L]etters to [Roberts]. It committed an error of law and an abuse of discretion in failing to do so.

Roberts' Brief, at 18-19.

To address the issues raised, we are guided by the following legal principles:

> As [20 Pa.C.S. § 3155] makes clear, it is the register who has the authority and duty to issue letters. *In Re Estate of Klink*, 743 A.2d 482, 485 (Pa. Super. 1999); 20 Pa.C.S.A. §§ 711(12), 901, 3155(a), (b). When doing so, the register has some degree of discretion in selecting the appointee. *[In re Estate of] Dilbon*, 690 A.2d [1216,] 1218, 1219 [(Pa. Super. 2007)]. However, that discretion must be exercised within the strictures of 20 Pa.C.S.A. § 3155. *Klink*, 743 A.2d at 484. More specifically, the register can exercise discretion only within the class of entitled persons and cannot, without good cause, deviate from the order of appointment set forth in the statute. *Id.*; *Dilbon*, 690 A.2d at 1218, 1219.
>
> The register's decision to issue letters is a judicial act. *Estate of Osborne*, 363 Pa. Super. 200, 525 A.2d 788, 794 n.9 (Pa. Super. 1987). A party contesting that act may appeal to the orphans' court. *Dilbon*, 690 A.2d at 1218, 1219. In turn, a party challenging a ruling of the orphans' court may, of course, appeal to this Court. *See Klink*, 743 A.2d at 484; 42 Pa.C.S.A. § 742. If the orphans' court has held an evidentiary hearing, we will then afford the court's findings the same weight as a jury verdict, and we will disturb the court's decree only if it is unsupported by the

evidence or if it includes an error of law. ***Dilbon***, 690 A.2d at 1218. However, if the orphans' court did not take evidence, then our appellate review is limited to determining if the register abused its discretion. ***Klink***, 743 A.2d at 484. An abuse of discretion is not merely an error in judgment. ***In Re Paxson Trust I***, 893 A.2d 99, 112 (Pa. Super. 2006). Rather, it involves bias, partiality, prejudice, ill will, or misapplication of law. ***Id.*** If we do find an abuse of discretion, one option is for us to vacate the order of the orphans' court which upheld the issuance of letters, and then remand the case for an appropriate appointment by the register in accordance with 20 Pa.C.S.A. § 3155. ***Estate of Fritz v. Fritz***, 798 A.2d 243, 245 (Pa. Super. 2002).

***In re Estate of Tigue***, 926 A.2d 453, 456-57 (Pa. Super. 2007). Here, the Register of Wills conducted a hearing, and the orphans' court adopted the Register of Wills' Findings of Fact and Conclusions of Law, filed July 7, 2015. Therefore, regarding the appointment of the administrator, our appellate review is limited to determining if the register abused its discretion.

The orphans' court, in analyzing Roberts' claims, opined:

The Register of Wills erred by not having accepted the petition for Letters of Administration when presented by Appellant. If it had, there would have been two conflicting requests to serve as Administratrix for the Estate and that would have been the subject of a hearing. As a practical matter however, the fact that the petition of Appellant was not accepted did not prejudice the Appellant as a hearing was appropriately held by the Register of Wills and accordingly, the error was harmless.

Orphans' Court Opinion, 6/11/2015, at 7.

In the case at hand, Appellant, Donna Lynn Roberts, daughter of the Decedent and Debra Wilmarth, daughter of the Decedent, both presented petitions to be appointed Adminstratrix of the Estate of John Lynn. No renunciations were filed in this matter, and accordingly, in terms of priority, the daughters of the Decedent would have a higher priority than that of Michael J.

- 9 -

Hudacek, Jr. However, Section 3155(b) provides that the register may grant Letters other than in the sequence listed if "good cause to do so exists." The Register of Wills submitted Findings of Fact and Conclusions of Law on July 7, 2015, which were subsequently adopted by this Court on July 17, 2015. The Findings of Fact stated that a hearing was held on Debra Wìlmarth's Petition to be appointed as Administratrix of the Decedent's Estate on April 28, 2014. At the hearing, testimony was taken from all three sisters, and Jessica Lindgren, granddaughter of the Decedent. Both Debra Wilmarth and [Roberts] objected to the appointment of the other as Adminstratrix of the Estate, and neither agreed to serve as Co-Administratrices. Karen E. Honabach did not wish to serve as Administratrix. The Register of Wills noted "extreme hostility" between Debra Wilmarth and [Roberts], constituting good cause to deviate from the order listed, and appoint another fit person to serve as Administrator of the Estate, namely Michael J. Hudacek. There is no question, and the parties have stipulated, that Michael J. Hudacek, Jr. is a fit person to serve. Accordingly, good cause existed to appoint Michael J. Hudacek as administrator of this Estate over Debra Wilmarth or Donna Lynn Roberts[.]

Orphans' Court Pa.R.A.P. 1925(a) Opinion, 11/6/2015, at 8–9. We agree with the orphans' court.

Roberts suffered no harm as a result of the Register of Wills' refusal to consider her petition for letters of administration. When Roberts attempted to file her petition, the Register of Wills informed Roberts a petition for grant of letters of administration had already been filed by her sister, Debra Wilmarth. *See* N.T., 1/29/2015, at 32. Roberts was told that her petition was refused because there was already a hearing scheduled. *See id.* In fact, the Register of Wills held a hearing on Roberts' sister's, Debra Wilmarth's petition and heard testimony from all three sisters, and Jessica Lindgren, daughter of Honabach and granddaughter of the Decedent.

Roberts and Wilmarth each objected to the appointment of the other and did not agree to serve together. The Register of Wills concluded there was extreme conflict between Roberts and Wilmarth. In view of the testimony presented at the hearing,[3] it is apparent that the Register of Wills considered Roberts' entitlement to serve as administrator. Therefore, the failure to accept Roberts' petition as a competing petition along with Wilmarth's petition for letters, or as a subsequent petition, if error, was harmless because the hearing on Wilmarth's petition obviated the formality of a separate hearing on Roberts' petition for letters, before appointing Hudacek as administrator of the Estate.

In addition, Roberts cannot demonstrate that the Register of Wills ignored Section 3155(b) and "good cause," in light of the Register of Wills' **hearing**, discussed above, on the petition filed by Wilmarth, who was on equal footing with Roberts under Section 3155(b)(3). While the Register of Wills' April 28, 2014 order did not cite "good cause" for the appointment of Michael Hudacek, Jr., Esquire, the order indicated there had been a hearing on Wilmarth's petition. Furthermore, the Register of Wills subsequently complied with the orphans' court's order to file Findings of Fact and Conclusions of Law, and explicitly stated "good cause exists" to deviate from

_____

[3] There is no transcript of the hearing held before the Register of Wills in the certified record. The Register of Wills has summarized the testimony in its Findings of Facts. *See* Register of Wills' Findings of Fact and Conclusions of Law, 7/7/2015, at 2 (unnumbered).

the order of priority provided in 20 Pa.C.S. § 3155 and to appoint of Hudacek as administrator of the Estate. *See* Register of Wills Findings of Fact and Conclusions of Law, 7/7/2015.[4] Accordingly, as the Register of Wills' refusal to accept Roberts' petition for letters of administration was harmless error, and because there is no evidence that the Register of Wills ignored 20 Pa.C.S. § 3155(b) and "good cause" in the April 28, 2014, appointment of Michael Hudacek, Jr., Esquire, as administrator of the Estate, we conclude Roberts' first two issues alleging "procedural default" by the Register of Wills warrant no relief.

---

[4] We note the Decedent's granddaughter, Jessica Lynn Lindgrin, who is the daughter of Karen Honabach and 28 years of age, could have been appointed by the Register of Wills as administratrix of the Estate. *See* N.T., 1/29/2015, at 100–101. However, the hostility between Wilmarth and Roberts, and Roberts' commencement of an action against Wilmarth, Honabach and Lindgrin, supports the Register of Wills' finding of "good cause" for the appointment of Michael Hudacek, Jr., Esquire. In this regard, we note the Register of Wills' Findings of Fact, Nos. 12–14:

> 12. There was extreme hostility between Debra Wilmarth and Donna Lynn Roberts.
>
> 13. Both Debra Wilmarth and Donna Lynn Roberts levied multiple and various accusations against the other regarding the treatment or mistreatment of Decedent.
>
> 14. On December 16, 2013, Donna Lynn Roberts filed a civil action against Karen E. Honabach, Debra Wilmarth and Jessica Lindgrin claiming Infliction of Emotional Distress and Defamation regarding Donna Lynn Roberts['] care of Decedent.

Register of Wills' Findings of Fact and Conclusions of Law, 7/7/2015, at 2 (unnumbered) (Findings of Fact, Nos. 12-14).

In the final issue, Roberts maintains the orphans' court erred in its **order dated June 11, 2015**, by determining the August 30, 2007 writing presented by Roberts was not a will.

The hand printed document, signed and dated August 30, 2007, reads, as follows:

August 30, 2007

Since I loaned Karen $5,000 for her home in 2005 and never received payment, and since Debbie is no longer in our lives and made it clear that she hated us, and since Johnny may squander the house away. I want Donna to have the house since she has been taking care of it since 2006.

John J. Lynn /s/

The document also bears the date "2-18-12" with an additional signature of "John J Lynn," along with a notary's seal and signature, dated February 18, 2012.[5]

Initially, we address the timeliness of this appeal with regard to the orphans' court's June 11, 2015 opinion/order. The orphans' court determined the writing dated August 30, 2007 was not a valid will, and stated at the end thereof:

THE REGISTER OF WILLS IS DIRECTED TO ENTER THIS ORDER OF RECORD AND IS DIRECTED TO MAIL A COPY OF THIS ORDER TO ALL PARTIES OF RECORD.

---

[5] **See** Roberts' "Appeal Under Section 908 of Probate, Estates, and Fiduciaries Code from Probate to Permit Probate of Will dated August 30, 2007, and/or the Issuance of Letters of Administration to Decedent's Daughter, Donna Lynn Roberts," Exhibit 2.

Orphans' Court's Opinion/Order, 6/11/2015, at 8.

Roberts filed a notice of appeal on August 14, 2015, and indicated that the appeal was taken from "the final order of the Orphans' Court Division of the Court of Common Pleas of Luzerne County, dated July 17, 2015, a copy of which is attached hereto, pursuant to Pa.R.A.P. 342(a)(2), (5) & (6).[6]" Notice of Appeal, 8/14/2015. As we have already stated, the July 17, 2015 order deals **solely** with the appointment of Michael Hudacek, Jr., Esquire, discussed above, and does not mention the orphan's court's June 11, 2015 determination that the August 30, 2007 writing was not a testamentary writing.

_____

[6] Rule 342 provides, in part:

> (a) General rule. An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> ….
>
> (2) An order determining the validity of a will or trust;
>
> …
>
> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
>
> (6) An order determining an interest in real or personal property
>
> ….

Pa.R.A.P. (a)(2), (5) and (6).

When Roberts filed a Docketing Statement in this Court, she characterized the appeal as taken from "the final order of July 17, 2015 + **interlocutory** order dated June 11, 2015." Roberts' Docketing Statement, filed September 10, 2015 (emphasis added). However, under Pa.R.A.P. 342(a)(2) the orphans' court's June 11, 2015, opinion/order was immediately appealable, not interlocutory as suggested by Roberts, and the appeal period for that order expired 30 days later, on Monday, July 13, 2015. **See** 1 Pa.C.S. § 1908 ("Computation of time"); Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after entry of the order from which the appeal is taken). Since the present appeal was filed on August 14, 2015, the appeal appears untimely with regard to the June 11, 2015 opinion/order.

We note, however, the Register of Wills failed to comply with the orphans' court's mandate at the end of the June 11, 2015 opinion/order to enter the order and mail a copy of the order to all the parties. The orphans' court's docket reflects the orphans' court's decision was entered on the docket on June 11, 2015 as an "opinion" only, and with no indication that Pa.R.C.P. 236 notice was given to the parties.[7] Nevertheless, Roberts

---

[7] The date of entry of an order is the day that the clerk of the court mails or delivers copies of the order to the parties. **See** Pa.R.A.P. 108(a). In a matter subject to the Pennsylvania Rules of Civil Procedure, the date of entry is the day that the clerk makes the notation in the docket that notice of entry of the order has been given pursuant to Pa.R.C.P. 236(b). Pa.R.A.P. 108(b);
*(Footnote Continued Next Page)*

frames the issue of the August 30, 2007 writing by acknowledging "the Court's **Order** dated June 11, 2015." Roberts's Brief at 6.

Even if, considering the circumstances presented by the record herein, we consider the June 11, 2015, opinion/order, there would be no basis upon which to disturb the orphans' court's decision. The orphans' court has provided a sound analysis, which we adopt as dispositive of the issue.[8] **See** Orphans' Court's Opinion/Order, 6/11/2015, at 2–4 (Findings of Fact Nos. 1-19), 4–6 (Law and Discussion) (explaining: (1) the writing lacked testamentary intent, as it is impossible to tell if Decedent was contemplating

---

*(Footnote Continued)*

**Frazier v. City of Philadelphia**, 735 A.2d 113 (Pa. 1999). This Court has applied Rule 108(b) to determine the date of entry of an order of the Orphans' Court. **See In re: K.P.**, 872 A.2d 1227 (Pa. Super. 2005); **Estate of Keefauver**, 518 A.2d 1263 (Pa. Super. 1986).

[8] Our scope and standard of review on appeal from a decree of the Orphans' Court adjudicating an appeal from probate is as follows:

> In a will contest, the hearing judge determines the credibility of the witnesses. The record is to be reviewed in the light most favorable to appellee, and review is to be limited to determining whether the trial court's findings of fact were based upon legally competent and sufficient evidence and whether there is an error of law or abuse of discretion. Only where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence may the court's findings be set aside.

**Kreisher v. Schumacher (In re Estate of Schumacher**), 133 A.3d 45, 49-50 (Pa. Super. 2016), *citing* **In re Bosley**, 26 A.3d 1104, 1107 (Pa. Super. 2011) (internal citations omitted).

that disposition should only take effect upon death; (2) the writing lacked a positive disposition of property where at the time of the writing the subject home was owned by the Decedent and his wife as tenants by the entireties, and there is no reference to wife or her interest;[9] (3) the only witness who testified to the Decedent's signature at the end of the writing was Roberts, and Honabach and Lindgrin testified more credibly that the signature on the document was not the Decedent's; and (4) the fact that Roberts and a notary public witnessed the Decedent sign the document in 2012 is of little effect because on December 10, 2010, the Decedent was adjudicated an incapacitated person and the record is devoid of testimony that when he signed the document on February 18, 2012, he possessed testamentary capacity.) Accordingly, we affirm.

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2016

---

[9] The Decedent's wife died on May 27, 2010. **See** Orphans' Court June 11, 2015 Opinion/Order, at 2 (Finding of Fact No. 1).